■ In the Matter of DANA S., a Child Alleged to be Abused and Neglected. MADISON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GEORGE S., Respondent; MARIE R., Appellant. [670 NYS2d 627] —Crew III, J. Appeal from an order of the Family Court of Madison County (Humphreys, J.), entered December 22, 1995, which, *inter alia,* in a proceeding pursuant to Family Court Act article 10, permitted petitioner to withdraw its petition.

By order entered July 28, 1994, the Family Court of Suffolk County (Friedenberg, J.) granted custody of the child who is the subject of this proceeding, Dana S., to Marie R. (hereinafter

the maternal aunt) and her spouse. Pursuant to this custody order, the child's paternal grandparents, Olga S. and respondent (hereinafter the grandfather), were granted visitation. On or about April 6, 1995, the maternal aunt filed a family offense petition under Family Court Act article 8 alleging, *inter alia*, that the grandfather had sexually abused the child. Shortly thereafter, on or about April 26, 1995, petitioner commenced the instant abuse and neglect proceeding against the grandfather in Madison County, where the child then was residing. Subsequently, the maternal aunt instituted two additional proceedings pursuant to Family Court Act article 8 against the paternal grandparents, the child's paternal uncle and the child's father, the subject of which are not relevant to this appeal.

By letter dated September 5, 1995, petitioner advised Family Court (Humphreys, J.) that based upon a review of the evidence, it was electing to withdraw the abuse and neglect petition filed against the grandfather. In response, the paternal grandparents moved to dismiss the Family Court Act article 8 proceedings instituted against them or, alternatively, to transfer the subject proceedings to Suffolk County, which had retained jurisdiction "of all issues related to Dana including but not limited to custody and visitation". The maternal aunt opposed the application and cross-moved to compel petitioner to pursue the abuse and neglect proceeding. The parties appeared before Family Court on October 19, 1995, at which time the court permitted petitioner to withdraw the abuse and neglect petition, denied the maternal aunt's request to institute such a proceeding under Family Court Act § 1032 (b) and denied the paternal grandparents' request to transfer the remaining proceedings to Suffolk County.

One week later, on October 26, 1995, the maternal aunt and the paternal grandparents, among others, stipulated that the child's uncle and his spouse be granted sole custody of Dana. The paternal grandparents thereafter requested that Family Court reconsider its decision on the motion for transfer and, ultimately, Family Court transferred the three pending Family Court Act article 8 proceedings to Suffolk County. This appeal by the maternal aunt ensued.

As a starting point, although the maternal aunt argues that Family Court erred in transferring the three proceedings brought under Family Court Act article 8 to Suffolk County, we note that the sole notice of appeal filed in this matter relates to the court's December 22, 1995 order permitting petitioner to withdraw the abuse and neglect petition and deny-

ing the maternal aunt's application to institute such a proceeding. Accordingly, any issue concerning the propriety of transferring the Family Court Act article 8 proceedings is not before us.

With respect to Family Court's decision to permit petitioner to withdraw the abuse and neglect petition, it is apparent from the foregoing chronology that by the time the court's October 19, 1995 decision was embodied in its December 22, 1995 order and the notice of appeal was filed, the maternal aunt no longer had custody of the minor child, having stipulated that sole custody be granted to the child's uncle and his spouse. As the maternal aunt was not a party to the underlying Family Court Act article 10 proceeding and no longer has custody, she is not an aggrieved party in this respect (see, CPLR 5511) and cannot challenge that portion of the court's decision permitting petitioner to withdraw the abuse and neglect petition. To the extent that the maternal aunt's brief may be read as asserting that Family Court erred in refusing to permit her to institute such a proceeding under Family Court Act § 1032 (b), we are of the view that Family Court did not abuse its discretion in this regard (see generally, Matter of Weber v Stony Brook Hosp., 60 NY2d 208, 212). Accordingly, Family Court's order is affirmed.

Mikoll, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.