■ In the Matter of JANICE MORSE, Appellant, v ALFRED N. BROWN, Respondent. [748 NYS2d 820] —Rose, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered October 25, 2001, which, inter alia, granted respondent's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.

The parties cross-petitioned seeking custody of their son, who had resided with petitioner, his mother, following his birth in March 2001. After the fact-finding hearing, Family Court granted respondent, the father, sole custody of the child, awarded petitioner visitation on alternate weekends and issued an order of protection prohibiting petitioner's contact with respondent, except when exercising visitation, until the child is 18 years of age. Petitioner now appeals, and we affirm.

The primary consideration in any custody determination is the best interest of the child under all the relevant circumstances (*see Matter of Storch v Storch*, 282 AD2d 845, 846, *lv denied* 96 NY2d 718; *Matter of Hudson v Hudson*, 279 AD2d 659, 660). The "[f]actors to be considered in making such a determination include the duration of the present custody arrangement, relative fitness of each parent, the quality of the home environment and the parental guidance provided the children" (*Matter of Shepard v Roll*, 278 AD2d 755, 756; *see Matter of White v White*, 267 AD2d 888, 889). Because Family

Court is in the best position to evaluate the credibility of witnesses, its findings will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Watts v Watts*, 290 AD2d 822, 824, *lv denied* 97 NY2d 614; *Matter of Donahue v Buisch*, 265 AD2d 601, 603). Here, Family Court detailed the factual basis underlying its carefully considered determination that granting respondent sole custody was in the child's best interest. In reaching its conclusion, Family Court considered petitioner's serious criminal history, her emotional and mental instability, as well as her indicated Child Protection Services reports and findings of neglect with regard to her other children. Our own review of the record reveals a sound and substantial basis for Family Court's order.

Petitioner's remaining contentions also lack merit. Although petitioner contends that Family Court erred in accepting the testimony of Michael Lakin, a clinical psychologist who conducted an evaluation of petitioner in 2001, his statements regarding petitioner's untreated personality disorder were properly admitted into evidence here because they were material and relevant to the child's best interest (*see* Family Ct Act § 624). While Lakin admittedly evaluated only petitioner's ability to care for two of her other children, this limitation was fully explored on cross-examination and was expressly recognized in Family Court's decision. To the extent that petitioner challenges Family Court's failure to order respondent to submit to a psychological evaluation, we note that petitioner's amended cross petition contained no allegation of respondent's psychological problems, and Family Court acted within its discretion in denying petitioner's request in any event (*see Matter of Farnham v Farnham*, 252 AD2d 675, 677; *Matter of Smith v Kalman*, 235 AD2d 848, 849).

Finally, we find no error in Family Court's decision to issue the order of protection, despite the lateness of respondent's request in his written closing statement, since he had previously served and filed an amended petition (*see* Family Ct Act § 656). We have held that Family Court has the "authority to issue an order of protection pursuant to Family Court Act article 6 in the absence of a request by [a] respondent" (*Matter of Mongiardo v Mongiardo*, 232 AD2d 741, 744). As for the order's duration, we also find no abuse of discretion in Family Court's direction that it remain in effect until the parties' son reaches the age of 18 years (*see Matter of Royea v Hutchings*, 260 AD2d 678, 680).

Cardona, P.J., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.