◼ In the Matter of CHARLENE R. LARRY, Now Known as CHARLENE CARMAN, Appellant, v EDWARD A. O'NEILL, Respondent. (And Another Related Proceeding.) [761 NYS2d 736] —Carpinello, J. Appeal from that part of an order of the Family Court of Tompkins County (Rowley, J.), entered April 19, 2002, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection against respondent and issued an order of protection against petitioner for the benefit of the child.

The parties, who never married, began cohabitating in 1998 but ended their relationship in July 2001. They had one child, a son, born in October 1998. Petitioner, the child's mother, filed an application seeking sole custody. Shortly thereafter, she filed a family offense petition seeking an order of protection against respondent, the child's father, based upon an alleged argument over a car seat. Respondent served an answer to the first petition and counter-petitioned for sole custody, alleging physical and verbal abuse of the child by petitioner. Af-

ter a hearing, Family Court dismissed the family offense petition, granted sole legal and physical custody to petitioner and granted respondent visitation with the child three weekends per month, alternating holidays and two weeks in the summer. The court further issued an order of protection against petitioner which, among other things, prohibited her from physically disciplining the child for three years. Petitioner appeals from that part of Family Court's order which dismissed her application for an order of protection against respondent and sua sponte issued an order of protection against her.

Initially, we note that petitioner's claim that Family Court erroneously granted respondent visitation three weekends per month is not properly before us as her notice of appeal challenges only that part of the order as dismissed her family offense petition and issued an order of protection (see Matter of Dana S., 249 AD2d 582, 583 [1998]; Marocco v Marocco, 53 AD2d 707, 708 [1976]). Nevertheless, were we to consider this issue (see CPLR 5520 [c]; Matter of Tiffany S., 302 AD2d 758, 759 n 1 [2003], lv denied 100 NY2d 503 [2003]), we would find it to be without merit. "[I]t is well settled that the standard to be applied in determining issues of visitation is the best interest of the child" (Matter of Mix v Gray, 265 AD2d 692, 693 [1999]; see Matter of Pearson v Parks, 306 AD2d 580, 581[2003]). Here, various witnesses testified that respondent has been actively involved in the care of his son since birth and that his interaction was positive. Consistent with this, the Law Guardian recommended that respondent have liberal visitation with the child. Because Family Court was in a unique position to assess the credibility of the witnesses (see Matter of Morse v Brown, 298 AD2d 656, 657 [2002]; Matter of Sheavlier v Melendrez, 296 AD2d 622, 623 [2002]), we defer to its factual findings and conclude that there is a sound and substantial basis in the record supporting the court-ordered visitation.

Likewise, we find no error in Family Court's dismissal of the family offense petition. It was based upon an isolated incident during which the parties apparently had a disagreement concerning the use of a car seat to transport the child in petitioner's car following visitation with respondent. According deference to Family Court's resolution of credibility issues and given petitioner's admission that she was not afraid of respondent and, therefore, not in need of an order of protection, we find that the petition was not established by a fair preponderance of the evidence and its dismissal was proper (see Matter of Karcher v Byrnes, 232 AD2d 760, 761 [1996]).

Lastly, we reject petitioner's contention that there is no basis

for Family Court's issuance of an order of protection against her. Pursuant to Family Ct Act § 656 (e), Family Court may issue an order of protection requiring a party "to refrain from acts of commission or omission that create an unreasonable risk to the health, safety or welfare of a child." Here, various witnesses testified that they observed petitioner physically discipline the child in an inappropriate manner. Inasmuch as such testimony revealed that the child's health and safety were in jeopardy, it provided an ample basis for issuance of the protective order.

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.