■ In the Matter of WILLIAM XX., Appellant, v BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. (And Three Other Related proceedings.) In the Matter of CALEB F. and Another, Children Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, and ARLENE F., Respondent; WILLIAM XX., Appellant. [783 NYS2d 119]— Lahtinen, J. Appeals (1) from seven orders of the Family Court of Broome County (Pines, J.), entered October 1, 2002, October 8, 2002, October 11, 2002, October 25, 2002, November 15, 2002, December 16, 2002, and January 24, 2003, which, in four proceedings pursuant to Family Ct Act articles 6 and 10, inter alia, denied William XX. visitation with his grandchildren, and (2) from an order of said court, entered March 7, 2003, which granted the Broome County Department of Social Services' application, in a proceeding pursuant to Family Ct Act article 10, for an order of protection.

While the procedural background of these proceedings is extensive, the relevant facts and issues are straightforward. William XX. and Eva XX. are the grandparents of Caleb F. and Selena F. Both William XX. and Eva XX. were previously found

to have sexually abused and neglected their two daughters based upon, among other things, William XX. having sexual intercourse and impregnating one daughter while Eva XX. was in the same bed. Their other daughter, Arlene F., is the mother of Caleb F. and Selena F. William XX. and Eva XX. filed a petition seeking visitation with Caleb F. and Selena F. and, while they ostensibly reached an informal agreement with the children's parents, no court order was issued regarding visitation. William XX.'s subsequent petition alleging that the Broome County Department of Social Services and Arlene F. were violating an order allowing him to visit the children was thus dismissed by Family Court. A neglect proceeding brought by the Broome County Department of Social Services against Arlene F. culminated in an adjournment in contemplation of dismissal based upon the agreed entry of an order providing, among other things, that Arlene F. would not permit contact between the children and William XX. and Eva XX. William XX. appeals.

Appellate counsel for William XX. has filed an *Anders* brief seeking to be relieved of his assignment on the ground that there are no nonfrivolous issues to pursue on appeal (*see Matter of Joshua M. v Dimari N.*, 9 AD3d 617, 618-619 [2004]; *Matter of Amber F.*, 272 AD2d 788, 789 [2000]). We agree. The record does not contain an order granting William XX. visitation rights (*see* Domestic Relations Law § 72; *Matter of Wilson v McGlinchey*, 2 NY3d 375, 380 [2004]) and, thus, Family Court properly dismissed his visitation violation petition. With respect to the protective order, William XX. was not a party to that proceeding, he did not seek to intervene despite having knowledge of the proceeding, the order does not direct him to do or refrain from doing anything, the order was issued with the consent of the children's mother,* and she has not appealed from that order. Under such circumstances, William XX. is not an aggrieved party and, accordingly, there is no basis for him to appeal from that order (*see* CPLR 5511; *cf. Matter of Dana S.*, 249 AD2d 582, 584 [1998]). The ex parte temporary orders from which William XX. appeals have expired. Those orders are both academic and nonappealable (*see Matter of Jazmone S.*, 307 AD2d 320, 321 [2003], *lvs dismissed* 100 NY2d 615 [2003], 1 NY3d 584 [2004]; *see also Sholes v Meagher*, 100 NY2d 333, 335 [2003]). We have reviewed the pro se submissions of William XX. and find no nonfrivolous issues set forth therein.

Mercure, J.P., Crew III, Spain and Kane, JJ., concur. Ordered that the orders are affirmed, without costs, and application to be relieved of assignment granted.

---

* The children's father was incarcerated and the subject of a separate protective order.