■ In the Matter of GREGORY NEAIL, Respondent, v SANDRA DESHANE, Appellant. (And Another Related Proceeding.) [796 NYS2d 435]—

Carpinello, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered March 15, 2004, which, inter alia, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, for custody of the parties' child.

The parties are the parents of one child born in 2001. Following a hearing, petitioner was awarded sole custody and respondent was awarded liberal visitation. Orders of protection were also entered in favor of each party for the duration of the child's minority. Respondent appeals, and we now affirm.

Upon our review of the record, we are satisfied that Family Court properly granted sole custody of the child to petitioner. In doing so, the court considered all appropriate and relevant factors and properly weighed those factors in determining that such award would be in the child's best interest (*see Eschbach v Eschbach*, 56 NY2d 167, 172-174 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 93-95 [1982]).* There is little doubt that both parties have exhibited questionable behavior that impacts on each person's ability to parent. Nevertheless, as between them, petitioner is the more stable parent.

The record reveals that respondent has serious anger management issues and has lived a chaotic and unstable lifestyle. She has exposed the child, as well as his stepbrothers, to her unsteady and often volatile relationships with men. These

---

* The instant matter constituted an initial custody determination governed by the best interest analysis (*see Webster v Webster*, 283 AD2d 732, 732-733 [2001]). Thus, contrary to respondent's contentions, petitioner was not required to show a change of circumstances in order to gain custody (*see Matter of Somerville v Somerville*, 307 AD2d 481, 482 [2003]; *Matter of Jiminez v Jiminez*, 301 AD2d 971, 972 [2003]).

relationships have been rife with domestic violence, almost always at her hands. During one such incident, respondent brandished a knife during an argument with a boyfriend in the presence of three of her children, including the subject child.

Also indicative of respondent's poor judgment and relative unfitness to parent is her decision to walk to petitioner's home one night, a distance in excess of approximately eight miles. She brought the child with her in a stroller and left the two stepbrothers (then ages 14 and 15) unattended at home, which was not equipped with a telephone. She arrived in the wee hours of the morning, but not before accepting a ride from a complete stranger.

On another occasion, respondent denied petitioner visitation because the child was sick and required treatment in the emergency room. Immediately following this treatment, however, she took him to the mall for a picture with the Easter bunny and shopping. Thus, although the child had resided with respondent since birth, continuity of this custodial arrangement did not outweigh the numerous other factors supporting Family Court's award of custody to petitioner. In sum, we see no reason to set aside Family Court's custody determination which has a sound and substantial basis in the record (*see e.g. Matter of Morse v Brown*, 298 AD2d 656, 657 [2002]).

Finally, as the instant dispute concerned a custody proceeding under Family Ct Act article 6, the duration of the orders of protection was permissible (*see* Family Ct Act § 656; *see also Matter of Morse v Brown, supra*; *Matter of Royea v Hutchings*, 260 AD2d 678, 680 [1999]). Nor are we persuaded by respondent's claim that she received ineffective assistance of counsel.

Cardona, P.J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.