■ In the Matter of APRIL S. KING, Appellant, v KARL J. KING, Respondent. [805 NYS2d 148]—

Lahtinen, J. Appeal from an order of the Family Court (Lawliss, J.), entered December 7, 2004 in Clinton County, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner and respondent are the married, but separated, parents of a son (born in 1989) and three daughters (born in 1993, 1996 and 2002). During a visit by the daughters with respondent, he allegedly passed out in their presence due to intoxication and while naked. Petitioner commenced this proceeding seeking, among other things, sole custody with supervised visits for respondent. Respondent countered by alleging that petitioner's live-in paramour had been recently arrested upon charges of sexual abuse in the third degree and endangering the welfare of a child based upon his purported conduct with a 14-year-old girl who was babysitting at petitioner's residence. Those charges were premised upon a statement to police by petitioner that, among other things, she discovered

her paramour and the babysitter alone in a dark bedroom at 1:30 A.M. and the girl's representation that he had kissed and fondled her breasts.

By the time of the hearing on the custody petition, the paramour (who petitioner contended at the hearing she now believed was innocent) had pleaded guilty to endangering the welfare of a child and had been sentenced to probation. Also at the hearing, there was evidence about respondent's conduct in front of his young daughters, as well as his considerable problems with alcohol abuse. Family Court, while noting its concern with both households, awarded sole legal and physical custody to petitioner, and permitted respondent visitation on Saturdays from 10:00 A.M. to 1:00 P.M. to occur in a public facility. In light of the evidence regarding the conviction of petitioner's paramour, the court further found that it was in the best interests of the children to prevent him from having any contact with them and, thus, issued protective orders. Petitioner appeals arguing that the court erred in issuing the orders of protection directing her not to permit her paramour to come within 1,000 feet of the children.

Petitioner contends that the protective orders issued as to her paramour were not in the children's best interests. "It is well settled that '[i]n every custody matter, the court's primary concern must be centered on what would be in the best interest of the child' " (*Webster v Webster*, 283 AD2d 732, 733 [2001], quoting *Matter of Caccavale v Brown*, 271 AD2d 717, 718 [2000]). This best interest analysis may include, in appropriate situations, an order of protection (*see Matter of Larry v O'Neill*, 307 AD2d 410, 411-412 [2003]). "Since [the trial court] is in the best position to assess the witnesses' demeanor and credibility, we defer to its factual findings so long as they have a sound and substantial basis in the record" (*Matter of Schermerhorn v Breen*, 8 AD3d 709, 710 [2004] [citations omitted]).

Here, the paramour had pleaded guilty to endangering the welfare of a child based upon his activities with a 14-year-old girl. Petitioner's sworn deposition regarding the incident, which was received into evidence, relates inappropriate conduct by the paramour with the girl. While petitioner essentially attempted to retract her prior statement when she testified at the custody hearing, Family Court found her testimony in such regard totally unworthy of belief. We discern no reason to disregard the court's credibility determination. Upon review of the record, we are unpersuaded by petitioner's contention that the protective orders were not in the children's best interests.

The further arguments that the protective orders should have

been more narrow in their scope and that petitioner did not receive the effective assistance of counsel have been considered and found without merit.

Cardona, P.J., Mercure, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.