■ In the Matter of VIVIAN OO., a Child Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMES OO., Appellant. [822 NYS2d 672]—

Rose, J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered November 3, 2005, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Following a hearing, Family Court found, among other things, that respondent had permanently neglected his four-year-old daughter. The court then terminated his parental rights, as well as those of the child's mother. Respondent now appeals, arguing that Family Court erred in making both determinations. As to the determination of the mother's parental rights, however, respondent cannot be considered an aggrieved party, and this aspect of his appeal must be dismissed (*see* CPLR 5511; *Matter of Dana XX.*, 28 AD3d 1025, 1026 [2006]; *Matter of William XX. v Broome County Dept. of Social Servs.*, 11 AD3d 735, 736 [2004]; *Matter of Dana S.*, 249 AD2d 582, 584 [1998]).

As to respondent's contention that his own rights should not have been terminated, we note that he did not testify at the fact-finding hearing, permitting Family Court to draw the strongest inference against him that petitioner's evidence would allow (*see Matter of Nassau County Dept. of Social Servs. v*

*Denise J.*, 87 NY2d 73, 79 [1995]; *Matter of Antonio NN.*, 28 AD3d 826, 827 [2006]; *Matter of Karina U.*, 299 AD2d 772, 773 [2002], *lv denied* 100 NY2d 501 [2003]). Petitioner established that respondent had not sought permanent housing and was not participating in sex offender treatment as his service plan required. His "failure to correct the conditions that led to the removal of the child is interpreted as the failure to plan for the child's future" (*Matter of Karina U., supra* at 773; *see Matter of Princess C.*, 279 AD2d 825, 826 [2001], *lv denied* 97 NY2d 606 [2001]). Thus, the record amply supports Family Court's determination.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.