In the Matter of CHRIS A. DANIEL, Appellant, v GAR S. PYLINSKI, Respondent. (And Other Related Proceedings.) [879 NYS2d 217]—

Mercure, J. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered February 7, 2008, which, among other things, granted petitioner's application, in proceedings pursuant to Family Ct Act article 6, for custody of the parties' children.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of two children, who were born in 2002 and 2004.* Shortly after the parties separated, the mother commenced a relationship with the father's formerly close friend, and began residing with him and the children. In 2006, the mother filed a petition for custody and a family offense petition. Family Court issued temporary orders of protection and custody in favor of the mother, and directed that the father enjoy weekly visitation, which was to be supervised by his brother, upon the mother's express consent. Thereafter, the

---

* The mother's eldest daughter (born in 1998), whose father is the mother's estranged husband, is not a subject of these proceedings.

father filed petitions for modification and unsupervised visitation with the children, and Family Court, on its own motion, ordered that the mother vacate the residence that she shared with her paramour and prevent his contact with the children. Following fact-finding hearings, Family Court awarded custody of the children to the mother and supervised overnight visitation to the father one day per week, and continued the order directing that the mother's paramour have no contact with the children. The mother appeals, and we now affirm.

The mother's primary argument on appeal is that Family Court abused its discretion in issuing the order of protection. In all custody and visitation matters, the court's primary concern is the best interests of the children, and that "analysis may include, in appropriate situations, an order of protection" (*Matter of King v King*, 23 AD3d 938, 939 [2005]; *see Matter of Larry v O'Neill*, 307 AD2d 410, 411-412 [2003]). Here, documentary evidence revealed and various witnesses—including the paramour himself—testified that he was a fugitive from justice, had been convicted of perjury, as well as drug and weapons crimes in two states, had brutally killed or abandoned his niece's dog, and was abusive to the children. Nevertheless, the mother insisted that he is a positive influence in the lives of her children and requested that he be permitted to have contact with them. Under these circumstances, Family Court's determination that an order of protection was necessary to preserve the safety of the children has an ample basis in the record and it cannot be said that the court abused its discretion in issuing the order of protection (*see Matter of King v King*, 23 AD3d at 939; *Matter of Larry v O'Neill*, 307 AD2d at 411-412; *see also Matter of Thomas v Osborne*, 51 AD3d 1064, 1068 [2008]).

With respect to the mother's contention that the grant of weekly overnight visitation to the father was excessive, we note that unless visitation is inimical to the children's best interests, "Family Court is required to structure a schedule which results in frequent and regular access by the noncustodial parent" (*Matter of Maziejka v Fennelly*, 3 AD3d 748, 749 [2004]). Moreover, Family Court has broad discretion in determining an appropriate visitation schedule, and its findings in that regard are entitled to great deference unless they lack a sound and substantial basis in the record (*see Matter of Hobb Y.*, 56 AD3d 998, 999 [2008]; *Tait v Tait*, 44 AD3d 1142, 1143 [2007]). Inasmuch as the mother makes no argument that weekly visitation with the father is in any way harmful or detrimental to the children, and given the testimony that the father had a loving and healthy relationship with the children, we conclude that

visitation was appropriately structured herein to reflect the children's best interests (*see Matter of Thomas v Osborne*, 51 AD3d at 1068; *Tait v Tait*, 44 AD3d at 1143; *Matter of Maziejka v Fennelly*, 3 AD3d at 749).

The mother's remaining contention is not properly before us and, in any event, lacks merit.

Cardona, P.J., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.