■ ANTHONY M. WILLIAMS, Respondent, v NATASHA R. WILLIAMS, Appellant. [911 NYS2d 209]—

Stein, J. Appeal from an order of the Supreme Court (Tait, J.), entered February 20, 2009 in Broome County, which awarded custody of the parties' children to plaintiff.

Plaintiff (hereinafter the father) and defendant (hereinafter the mother) were married in 2000 and are the parents of a daughter (born in 1999) and a son (born in 2002). In July 2004, the mother took the children from the marital residence in Chenango County and relocated to the New York City area without informing the father as to their exact whereabouts. Proceedings ensued which resulted in, among other things, the father being awarded temporary custody by Family Court (Burns, J.). Although Family Court's order was subsequently re-

versed by this Court and remitted for a new hearing (*Matter of Williams v Williams*, 35 AD3d 1098 [2006]), the father was again awarded temporary custody by Supreme Court (Tait, J.) after the father commenced this action for divorce, and the remitted Family Court proceedings were transferred to Supreme Court. In June 2008, after conducting a fact-finding hearing and a *Lincoln* hearing, Supreme Court awarded the father sole custody. The mother now appeals and we affirm.

The mother argues that Supreme Court failed to ascribe proper weight to her allegations of domestic violence and that the award of custody did not have a sound and substantial basis in the record. We disagree. "In determining the best interests of the child[ren], [the court] was required to consider various factors, including how the decision would impact on the child[ren]'s stability, the home environment of both parents, 'each parent's willingness to foster a relationship with the other parent, and their past performance and ability to provide for the [children's] overall well-being' " (*Matter of Wentland v Rousseau*, 59 AD3d 821, 822 [2009], quoting *Matter of Clupper v Clupper*, 56 AD3d 1064, 1065-1066 [2008]; *see Matter of Smith v Miller*, 4 AD3d 697, 698 [2004]). The court must also consider the effect of domestic violence in determining the best interests of the children, but only when the allegations of domestic violence are proven by a preponderance of the evidence (*see* Domestic Relations Law § 240 [1] [a]; *Matter of Melissa K. v Brian K.*, 72 AD3d 1129, 1131 [2010]). We accord great deference to the trial court's custody determination, "[r]ecognizing the advantageous position of [Supreme] Court to evaluate the testimony and assess the credibility of witnesses, . . . provided that it is supported by a sound and substantial basis in the record" (*Matter of Torkildsen v Torkildsen*, 72 AD3d 1405, 1406 [2010]; *see Matter of Marchand v Nazzaro*, 68 AD3d 1216, 1217 [2009]; *Matter of Wentland v Rousseau*, 59 AD3d at 823; *Matter of Diffin v Towne*, 47 AD3d 988, 990 [2008], *lv denied* 10 NY3d 710 [2008]).

Here, the mother testified that the father mentally abused her and that he had shaken their daughter on one occasion. However, the mother never filed a police report or commenced a proceeding in Family Court against the father. The mother also testified that, at the father's insistence, they both used corporal punishment to discipline the children. The father admitted to having used corporal punishment in the past but testified that, as the children grew older, he used it less and less as they responded effectively to communications regarding expectations and consequences. The mother's allegations that the father was sexually abusing the daughter were determined to be unfounded

after examinations of both children. Supreme Court expressly gave no credit to these allegations and noted that the daughter's school principal testified that the daughter recanted any allegations of physical abuse that she had made. In addition, the principal testified that he had no concerns that the children were being abused or mistreated. Upon our review of the record, and according deference to Supreme Court's factual and credibility determinations, we find that the mother's claims of domestic violence were not established by a preponderance of the evidence and, therefore, that Supreme Court properly declined to consider them in making its custody determination.

We also find that there is a sound and substantial basis in the record for Supreme Court's custody award. Given the animosity between the parties, which prevented them from effectively communicating, Supreme Court properly determined that joint custody was not appropriate (see Matter of Tamara FF. v John FF., 75 AD3d 688, 689 [2010]) and proceeded to assess the best interests of the children in order to make an award of sole custody (see Matter of Hildenbrand v Hildenbrand, 37 AD3d 981, 981 [2007]).

Here, the children have resided with the father since early 2006. The record indicates that the father is very involved in the children's school, recreational, sporting and church activities and takes care of their daily needs. The father has completed parenting courses, provided counseling for the children and has addressed their medical and academic needs as necessary. On appeal, the mother concedes that the father has provided adequate care for the children for four years. The record also supports Supreme Court's finding that the father is willing to foster the children's relationship with their mother. For example, despite past difficulties in having the children returned to him after visits with the mother, he is willing to facilitate visitation—including agreeing to provide transportation one way—and to otherwise permit regular contact between the children and the mother. Although neither parent has steady employment, the father owns a home that he purchased with inheritance money that has the potential to be an income property. Overall, the record reveals that the children have attained a stable life and appear to be thriving in the father's care.

In contrast, the mother lives with her ailing grandmother and the mother's young son from another relationship in a neighborhood of questionable safety and depends on relatives for support. The mother has visited the children infrequently, allegedly due to the geographic distance between the parties and financial constraints, but has traveled by plane to Atlanta, Georgia to

visit with the father of her youngest son. While the mother also alleged that she is afraid to come to the Broome County area because of her fear of the father, she testified that the parties have always met at a public place and did not feel it necessary to meet at a police station. Furthermore, as previously indicated, the mother's allegations of domestic violence and other abuse were discredited.

Upon our review of the record as a whole, we conclude that, while neither parent is without his and her respective strengths and weaknesses, Supreme Court properly weighed the factors relevant to determining which custodial arrangement was in the best interests of the children and we discern no reason to disturb its decision and order.

Cardona, P.J., Peters, Rose and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.