■ Natalie A. Fiacco, Respondent, v Anthony M. Fiacco, Appellant. [940 NYS2d 702]—

McCarthy, J. Appeal from an order of the Supreme Court (Rogers, J.), entered June 30, 2010 in St. Lawrence County which, among other things, partially granted plaintiff's motion for an award of custody.

Plaintiff (hereinafter the mother) and defendant (hereinafter the father) are the married parents of a daughter (born in 1998) and a son (born in 2000). The parties separated in November 2008 and the mother commenced this divorce action in 2009. Supreme Court entered a temporary order giving the parties alternating weekly visitation with the son, placing the daughter primarily with the father and giving the mother alternate weekend visitation with her. After a trial on custody, the court awarded sole custody to the mother and provided alternate weekend visitation to the father.[1] The father appeals.

The father was not denied the effective assistance of counsel. The father argues that he had a phone conversation attempting to hire the mother's attorney, and the father felt uncomfortable answering certain questions at trial because he thought those issues had been discussed during that conversation.[2] Based on these alleged circumstances, the father now argues that his trial counsel should have objected to questioning by the mother's

Sanders v Slater, 53 AD3d 716, 717 n [2008]; Cassadei v County of Schenectady, 50 AD3d 1439, 1439 n 1 [2008]).

1. Supreme Court also denied the mother's request to relocate with the children. That aspect of the decision is not at issue on appeal.

2. The record is unclear whether the mother's attorney denied having such a conversation at all, but he unequivocally denied having discussed with the father the topic of his questioning.

counsel and to Supreme Court's "hostility" as evidenced in its summary ruling that it did not believe the father regarding that conversation. When the issue arose at trial, however, the father initially stated that he felt "strange about answering these questions," but clarified to the court that he did not have any problems answering the questions from the mother's counsel and that he was not asking to have counsel disqualified. Based on the father's statements on the record, we do not find counsel's handling of the situation to constitute ineffectiveness. Counsel called witnesses, cross-examined witnesses called by the mother and the attorneys for the children, and successfully argued against the mother's relocation request. Overall, the father received meaningful representation (*see Matter of Jolynn W. v Vincent X.*, 85 AD3d 1217, 1218-1219 [2011], *lv denied* 17 NY3d 713 [2011]; *Matter of Arieda v Arieda-Walek*, 74 AD3d 1432, 1434 [2010]).

Supreme Court's custody determination is supported by a sound and substantial basis in the record. The parties' testimony and documentary evidence, consisting of approximately 600 e-mails between them, demonstrate their animosity toward one another and that they cannot cooperate to reach decisions regarding the children, rendering joint custody inappropriate (*see Williams v Williams*, 78 AD3d 1256, 1258 [2010]). Despite their disagreements, both parties have been involved in their children's education and recreational activities. The court was unconvinced by testimony that the mother often drank to excess. On the other hand, the father had twice entered detoxification programs to address his dependency on prescription medications, but never completed either an in-patient or out-patient rehabilitation program. He was prescribed Vicodin by up to six different medical professionals, including over the Internet by a doctor he had never met, and was taking up to eight tablets per day. The court found that the father's substance abuse "continues to be a potential problem," partly because he did not fully comprehend, acknowledge or address it.

The father contributed to an estrangement between the mother and daughter. He talked about child support to the children, telling them that the mother took his money and spent it on herself. Supreme Court considered, but was not required to abide by, the children's wishes (*see Matter of Rivera v LaSalle*, 84 AD3d 1436, 1438 [2011]). The court found that the daughter manipulated the parents and that she desired to live with the father because he was overly permissive and she enjoyed more freedom at his house. The father allowed her to wear make-up and clothing that may not have been age-appropriate, permitted

her to have a Facebook page against the mother's wishes and despite the daughter having violated his rules about making the page private, and gave her a cell phone, which he encouraged her to use to call him if she ever felt "unsafe" with the mother. The father also permitted the son to drive an adult-sized four-wheeler without direct supervision and play violent video games that he acknowledged the mother would not allow. The court found, as supported by specific examples, that the father exhibited "bullying behavior" and he was more interested in being a friend to the children than a parent. Giving deference to Supreme Court's credibility assessments, we will not disturb its determination that awarding sole custody to the mother was in the children's best interests (*see Hughes v Gallup-Hughes*, 90 AD3d 1087, 1089-1090 [2011]; *Williams v Williams*, 78 AD3d at 1257, 1259).

Mercure, A.P.J., Lahtinen, Spain and Stein, JJ., concur. Ordered that the order is affirmed, without costs.