*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 20, 2016                    520610
_____

In the Matter of JENNIFER WW.,
                    Respondent,

        v
                                        MEMORANDUM  AND  ORDER
MARK WW.,
                    Appellant.

(And Four Other Related Proceedings.)
_____

Calendar Date:  September 7, 2016

Before:  Peters, P.J., McCarthy, Garry, Rose and Mulvey, JJ.

                    _____

        Patrick Perfetti, Cortland, for appellant.

        Randolph V. Kruman, Cortland, for respondent.

        Elizabeth Aherne, Ithaca, attorney for the children.

                    _____

Garry, J.

        Appeals (1) from an order of the Family Court of Cortland
County (Campbell, J.), entered February 19, 2015, which, among
other things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, to modify a prior order of
custody, and (2) from an order of protection issued thereon.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the parents of three children (born
in 2008, 2009 and 2010).  The parties shared joint legal custody
pursuant to an October 2013 order by which the children resided
with the mother, and the father had parenting time every other
weekend.  In February 2014 and September 2014, the mother filed
custody modification petitions seeking sole legal custody, and,

in May 2014, she filed a family offense petition.  The father cross-petitioned for sole legal custody and physical placement of the children, and, thereafter, filed a violation petition alleging that the mother had failed to comply with the prior order and an interim 2014 order that had granted him supervised parenting time.  Following a hearing, Family Court awarded sole legal custody and physical placement of the children to the mother, with four hours of weekly parenting time for the father each Sunday, to be increased upon a set schedule and established conditions.  The court found that the mother had violated the interim order, admonished her to comply with future orders, and dismissed her family offense petition for failure of proof.

Further finding that the children's best interests were promoted by minimizing contact between the parties, Family Court ordered visitation exchanges to take place at a relative's home, with each party leaving before the other party arrived, and entered an order of protection directing the father to stay away from the mother until the youngest child reaches the age of 18. The father now appeals, solely arguing that Family Court abused its discretion in issuing the order of protection, which he contends is unnecessary in view of the safeguards against contact between the parties built into the parenting time schedule.  We disagree and affirm.

When domestic violence is alleged in custody and visitation matters, the effect upon the children "is a factor that must be considered" (Matter of Kilmartin v Kilmartin, 44 AD3d 1099, 1102 [2007]; see Domestic Relations Law § 240 [1] [a]).  This evaluation "may include, in appropriate situations, an order of protection" (Matter of King v King, 23 AD3d 938, 939 [2005]; accord Matter of Daniel v Pylinski, 61 AD3d 1291, 1292 [2009]; see Family Ct Act § 656).  Here, although the father contends that Family Court failed to identify sufficiently specific facts to support issuing the order of protection, we find the factual findings in the decision as a whole adequate to permit intelligent appellate review (see Matter of Shana SS. v Jeremy TT., 111 AD3d 1090, 1091 [2013], lv denied 22 NY3d 862 [2014]).

-3-                          520610

Family Court noted that the parties, who have separated and reunited several times, have a long and well-documented history of conflict and domestic violence. The mother testified that they had been the subjects of between 30 and 40 domestic incident reports that had resulted in three arrests, as well as numerous child protective investigations that had led to at least three "indicated" reports against both parties. The father acknowledged previous criminal convictions arising from violations of orders of protection. At the time of the fact-finding hearing, he was on probation for criminal contempt in the second degree arising from the violation of a protective order in the mother's favor, and there was a pending violation proceeding. The mother was also subject to pending criminal charges arising from allegations relative to the father. Each parent testified to multiple incidents of physical violence allegedly perpetrated by the other. Considering the evidence of longstanding conflict and violence between the parties, we find no abuse of discretion in the court's determination that an order of protection extending until the end of the youngest child's minority was in the children's best interests (see Matter of Morse v Brown, 298 AD2d 656, 657 [2002]; Matter of Royea v Hutchings, 260 AD2d 678, 680 [1999]; see also Matter of Thomas v Osborne, 51 AD3d 1064, 1068-1069 [2008]).

Peters, P.J., McCarthy, Rose and Mulvey, JJ., concur.


ORDERED that the orders are affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court