■ In the Matter of PAUL CC., Respondent, v NICOLE DD., Appellant. (Proceeding No. 1.) In the Matter of NICOLE DD., Appellant, v PAUL CC., Respondent. (Proceeding No. 2.) [56 NYS3d 388]—

McCarthy, J.P. Appeal from an order of the Family Court of Ulster County (Savona, J.), entered June 17, 2016, which,

among other things, granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, for custody of the parties' child.

Paul CC. (hereinafter the father) and Nicole DD. (hereinafter the mother) are the parents of a daughter (born in 2014). The father filed a petition seeking sole legal and physical custody of the child after a paternity test revealed that he is the child's father. Thereafter, the mother filed a petition seeking custody of the child, and the father subsequently amended his custody petition. Family Court issued a temporary order granting the father visitation with the child. During the subsequent hearing, Family Court granted the father's application for temporary sole legal and physical custody of the child and supervised visitation to the mother based on allegations that domestic violence was occurring in the mother's home. After the hearing, Family Court granted the father sole legal and physical custody of the child with visitation to the mother for a six-hour period every other weekend, and it further specified that the mother's husband was not to be present for any visitation under any circumstances. The mother now appeals.

"When making an initial custody determination, the court must focus on the best interests of the child, which involves consideration of factors including the parents' past performance and relative fitness, their willingness to foster a positive relationship between the child and the other parent, as well as their ability to maintain a stable home environment and provide for the child's overall well-being" (*Matter of Spoor v Carney*, 149 AD3d 1209, 1210 [2017] [internal quotation marks and citations omitted]; *see Matter of Snow v Dunbar*, 147 AD3d 1242, 1243 [2017]). When determining the child's best interests, Family Court "must . . . consider the effect of domestic violence . . . when the allegations of domestic violence are proven by a preponderance of the evidence" (*Williams v Williams*, 78 AD3d 1256, 1257 [2010]; *see* Domestic Relations Law § 240 [1] [a]; *Matter of Jennifer WW. v Mark WW.*, 143 AD3d 1063, 1064 [2016]).

In describing her home, the mother explained that her husband has a history of domestic violence, that he mixes drinking alcohol with taking medication—which makes him "like a devil"—and that he "terroriz[es]" her. She testified to feeling trapped and explained that she cannot leave her husband. When asked whether she was happy living in the home with her husband, the mother answered "absolutely not." She further testified that her husband had called the child the "N-word" and to her belief that the husband had struck an-

other child in the home. The mother's testimony further revealed that she depended on her husband for child care when she worked. Finally, the mother acknowledged that, given the domestic violence, her home is not a safe environment for children.

In contrast, the father's testimony revealed that he would take the child to the playground, would take her to visit his family and that he had set up his backyard for her to play in. The father further testified that the child was familiar with and bonded to him. The father's mother, who has previously provided day care for her other grandchildren, provided day care for the child, and the father explained that he was able to come home and visit the child during his lunch breaks. Further testimony revealed that the father had provided the child with her own room and a crib in his house, provided her with her own clothes and toys and had acquired a car seat for the child. Deferring to Family Court's credibility determinations, and particularly given the evidence that the mother's home is not a safe environment for the child while the father has created a safe and stable environment for the child, a sound and substantial basis in the record supports Family Court's custody and visitation determination (*see Matter of Fountain v Fountain*, 130 AD3d 1107, 1108 [2015]; *Matter of Drew v Gillin*, 17 AD3d 719, 720 [2005]). Moreover, the mother's various contentions that Family Court erred in relying on certain hearsay evidence are all unpreserved, as the mother failed to object on such grounds before Family Court (*see Matter of Bray v Bray*, 118 AD3d 1074, 1074 [2014], *lv denied* 24 NY3d 903 [2014]; *Matter of Perry v Surplus*, 112 AD3d 1077, 1080 [2013]). The mother's remaining contentions are without merit.

Rose, Devine, Clark and Mulvey, JJ., concur. Ordered that the order is affirmed, without costs.