Matter of Samake v Sy (2025 NY Slip Op 07387)

Matter of Samake v Sy

2025 NY Slip Op 07387

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
SUSAN QUIRK, JJ.

2024-13197
 (Docket Nos. V-3123-24, V-3124-24, V-3125-24, V-3126-24)

[*1]In the Matter of Moussa Samake, respondent,
vSokhna Khadidjatou Sy, appellant. (Proceeding No. 1.)
In the Matter of Sokhna Khadidjatou Sy, appellant,Moussa Samake, respondent. (Proceeding No. 2.)

Roven Law Group, P.C., New York, NY (Janice Roven of counsel), for appellant.
Iniguez Law Group, PLLC, New York, NY (James E. Iniguez of counsel), for respondent.
Cheryl Charles-Duval, Brooklyn, NY, attorney for the children.
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Gregory L. Gliedman, J.), dated December 16, 2024. The order, insofar as appealed from, granted so much of the father's oral application as was to modify two prior temporary parental access orders dated May 6, 2024, and September 4, 2024, respectively, so as to provide that exchanges of the parties' children for purposes of the father's parental access take place at the children's daycare facility.

DECISION & ORDER
Motion by the mother, inter alia, for leave to appeal to this Court from the order dated December 16, 2024. By decision and order on motion of this Court dated March 19, 2025, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is for leave to appeal to this Court from the order dated December 16, 2024, is granted; and it is further,
ORDERED that the order dated December 16, 2024, is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs payable to the mother by the father, so much of the father's oral application as was to modify the prior temporary parental access orders dated May 6, 2024, and September 4, 2024, respectively, so as to provide that exchanges of the parties' children for purposes of the father's parental access take place at the children's daycare [*2]facility is denied, and the exchanges of the children for purposes of the father's parental access will take place at the Bronx Detective Bureau station house of the New York City Police Department located at 1086 Simpson Street, Bronx, NY 10459, as set forth in the temporary parental access order dated September 4, 2024, until an order of disposition is issued in the underlying Family Court proceedings.
The parties have two children together. Both parties filed petitions for custody of the children. On November 28, 2023, the mother filed a family offense petition against the father. On the same date, the Family Court issued a temporary order of protection against the father and in favor of the mother and an address confidentiality order pursuant to Family Court Act § 154-b with respect to the mother's address.
The Family Court thereafter issued a series of temporary parental access orders, including, as most relevant here, orders dated May 6, 2024, and September 4, 2024, which provided, inter alia, that exchanges of the children for purposes of the father's parental access would take place at a police station. More specifically, the order dated September 4, 2024, directed that exchanges of the children would take place at the Bronx Detective Bureau station house of the New York City Police Department.
At an appearance in December 2024, the father made an oral application, among other things, to modify the prior temporary parental access orders dated May 6, 2024, and September 4, 2024, so that exchanges of the children for purposes of the father's parental access would take place at the children's daycare facility. The mother objected to the father's application.
In an order dated December 16, 2024, the Family Court, inter alia, granted so much of the father's oral application as was to modify the prior temporary parental access orders dated May 6, 2024, and September 4, 2024, so as to provide that the exchanges of the children for purposes of the father's parental access take place at the children's daycare facility. The mother appeals.
"The paramount concern in matters of custody and parental access is the best interests of the child under the totality of the circumstances" (Matter of Mazo v Volpert, 223 AD3d 909, 908-909 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171). When domestic violence is alleged in custody and parental access matters, the effect upon the children is a factor that must be considered in determining the best interests of the children (see Matter of Jennifer WW. v Mark WW., 143 AD3d 1063, 1064).
Here, in light of the totality of the circumstances upon the record presently before this Court, including a history of animosity between the parties and allegations of domestic violence, and the corresponding safety concerns that required continued caution in determining an appropriate exchange location for purposes of the father's parental access, it was not in the children's best interests for the Family Court to direct that the exchanges take place at the children's daycare facility rather than at a police station as previously directed (see Matter of Benincasa v Benincasa, 65 AD3d 1040, 1041).
BARROS, J.P., CHAMBERS, WAN and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court