Matter of Zielazny v Martorano

2026 NY Slip Op 01974

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Brandon Zielazny, appellant,

v

Demi Martorano, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2024-06225, (Docket Nos. V-14504-19/20D, V-14504-19/21E)

Colleen D. Duffy, J.P.

Paul Wooten

Carl J. Landicino

Susan Quirk, JJ.

Kule Seid-Vazana & Associates, P.C., Garden City, NY (Danielle J. Seid-Vazana of counsel), for appellant.

Barrows Levy PLLC, Garden City, NY (Michael C. Barrows of counsel), for respondent.

Thomas W. McNally, Hauppauge, NY, attorney for the child.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 6, the father appeals from a corrected order of the Family Court, Suffolk County (Mary E. Porter, J.), dated July 8, 2024. The corrected order, insofar as appealed from, after a hearing, granted the mother's cross-petition to modify a so-ordered stipulation of settlement dated September 26, 2019, so as to award her sole legal and residential custody of the parties' child, denied the father's petition to modify the so-ordered stipulation of settlement so as to award him sole legal and residential custody of the child, and awarded certain parental access to the father.

ORDERED that the corrected order is modified, on the facts, (1) by deleting the provision thereof regarding parental access during the summer, and substituting therefor a provision stating, "Each summer the father shall have seven weeks of parental access, commencing on the Saturday of Father's Day weekend and continuing for seven weeks from that date, with the father picking up the child in Florida and the mother picking up the child seven weeks later in New York"; (2) by deleting the provision thereof regarding monthly parental access in Florida, and substituting therefor a provision stating, "The father will have parental access in Florida each month. The father may choose which weekend each month that he will exercise parental access, and must provide no less than one month's notice to the mother of his intention to exercise his parental access on a certain weekend. The father shall pick up the child directly from school on the Friday of the father's parental access weekend, and the mother shall pick up the child at 5:00 p.m. on the Sunday of the father's parental access weekend. The father is responsible for ensuring that the child is present at any extracurricular activity which has been previously scheduled during these weekends"; (3) by deleting the provision thereof regarding parental access on Thanksgiving, Christmas, New Year's Day, and Easter Sunday, and substituting therefor a provision stating, "The father will have parental access for Thanksgiving every year commencing on the Saturday prior to Thanksgiving through the Saturday following Thanksgiving. For Thanksgiving parental access, the father will pick up the child in Florida and the mother will pick up the child in New York. The mother will have the child for Easter Sunday every year. The parties will alternate Christmas Day such that the mother will have parental access on Christmas Day in even numbered years and the father will have parental [*2]access on Christmas Day in odd numbered years"; (4) by deleting the provision thereof regarding parental access during Christmas break, and substituting therefor a provision stating, "In even numbered years, the father shall have parental access with the child from December 26th through the day before school resumes in accordance with the child's school calendar. In odd numbered years, the father shall have parental access with the child commencing on the last day of school that starts the Christmas break through the day before school resumes in accordance with the child's school calendar. The father shall pick up the child in Florida at the beginning of his Christmas break parental access and the mother shall pick up the child in New York at the end"; (5) by deleting the provision thereof regarding FaceTime contact, and substituting therefor a provision stating, "The parent who is caring for the child will ensure that the other parent can initiate FaceTime contact with the child once per day, between the hours of 4:00 p.m. through 7:00 p.m., based upon the child's schedule, with the parent who does not have access initiating said call"; and (6) adding thereto a provision stating, "In the event that the father is unable to exercise his scheduled parental access, the father will be entitled to add those missed days to his summer parenting access in New York. The father shall be permitted to add up to one week of missed time"; as so modified, the corrected order is affirmed insofar as appealed from, without costs or disbursements.

The parties, who were never married to each other, are the parents of one child. Although the parties initially resided together in New York, the mother and the child moved to Florida in 2019, and the father remained in New York. As part of a so-ordered stipulation of settlement dated September 26, 2019, the parties agreed to joint legal and residential custody, whereby the parties exchanged physical custody of the child every two weeks. In December 2020, the father filed a petition to modify the so-ordered stipulation of settlement so as to award him sole legal and residential custody of the child, alleging, inter alia, that the mother had refused to allow him to exercise his parental access rights. The mother filed a cross-petition to modify the so-ordered stipulation of settlement so as to award her sole legal and residential custody, alleging, among other things, that the father was unable to care for the child or to co-parent with the mother. In a corrected order dated July 8, 2024, after a hearing, the Family Court, inter alia, granted the mother's cross-petition, denied the father's petition, and set forth a detailed parental access schedule for the father. The father appeals.

To modify an existing court-ordered custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (see Matter of LaPera v Restivo, 202 AD3d 788, 789; Matter of Gottfried v Gottfried, 163 AD3d 966, 966). The essential consideration in making an award of custody is the best interests of the child (see Friederwitzer v Friederwitzer, 55 NY2d 89, 94; Matter of Cardozo v Defreitas, 87 AD3d 1138, 1138). Factors to be considered include, among other things, (1) the original placement of the child, (2) the length of that placement, (3) the child's desires, (4) the relative fitness of the parents, (5) the quality of the home environment, (6) the parental guidance given to the child, (7) the parents' financial status, and (8) the parents' ability to provide for the child's emotional and intellectual development (see Matter of Gagos v Delsalto, 213 AD3d 761, 761; Matter of Jonas v Leppert, 75 AD3d 552, 553). Since any custody determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded the hearing court's findings, and its findings will not be disturbed unless lacking a sound and substantial basis in the record (see Matter of Ciardullo v Smith, 236 AD3d 650, 650-651; Cuccurullo v Cuccurullo, 21 AD3d 983, 984).

Under the circumstances of this case, where the parties reside in different states and the child has reached the age where she must be enrolled in school, in addition to the fact that the parties are unable to communicate and cooperate with each other in order to share custody of the child, the Family Court properly determined that a change in circumstances existed (see Matter of Gold v Khalifa, 223 AD3d 803, 805; Matter of Klotz v O'Connor, 124 AD3d 662, 662-663). The court's determination to award the mother sole legal and residential custody of the child was supported by a sound and substantial basis in the record (see Matter of Vizueta v Wiley, 226 AD3d 797, 799; Matter of Gayle v Muir, 211 AD3d 942, 944). In support of that award, the evidence established that the parties' relationship had deteriorated to the point where they could not communicate and engage in joint decision-making concerning the child, that the mother was more [*3]involved in the child's needs on a day-to-day basis, and that the mother has been the child's primary caregiver (see Matter of Ciardullo v Smith, 236 AD3d at 651; Matter of Llanos v Barrezuetta, 232 AD3d 606, 608).

The father contends that he should have been awarded sole legal and residential custody of the child because the mother alienated the child from him. Although the Family Court properly determined that it was in the child's best interests to award the mother sole legal and residential custody of the child, the record reflects that the mother's past behavior did verge on parental alienation, but did not rise to a level that would serve to change the custody determination. To be clear, "one parent's alienation of a child from the other parent is an act inconsistent with the best interests of the child" (Matter of Shepherd v Mirukaj, 235 AD3d 769, 771; see Matter of Burke v Squires, 202 AD3d 784, 785-786) that may result in a "change in circumstances such that modification is necessary to ensure the best interests of the child" (Matter of Doroski v Ashton, 99 AD3d 902, 903; see Bobinski v Bobinski, 9 AD3d 441, 441).

The father has requested that certain portions of the parental access schedule be modified. "The paramount concern in matters of custody and parental access is the best interests of the child under the totality of the circumstances" (Matter of Samake v Sy, ___ AD3d ___, ___, 2025 NY Slip Op 07387, *2 [internal quotation marks omitted]). We modify the parental access schedule in accordance herewith in the best interests of the child (see Matter of Samake v Sy, ___ AD3d at ___, 2025 NY Slip Op 07387, *2).

DUFFY, J.P., WOOTEN, LANDICINO and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court