Spain, J.
Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered January 24, 2011, which, among other things, granted petitioner’s application, in four proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a daughter (born in 2003) and a son (born in 2004). Pursuant to a Family Court order based upon a stipulation entered in May 2010, the parties were granted joint legal and physical custody of the children, with physical custody alternating weekly between the parties. Subsequently, the father filed petitions alleging that the mother violated the prior custody order and seeking a modification of the order. The mother also filed petitions seeking modification of the prior custody order. Following a fact-finding hearing, at which the mother did not appear but was represented by counsel, Family Court awarded sole legal and physical custody to the father, with the mother having parenting time every weekend during the school year and weekdays during the summer. The mother now appeals.
“Where a voluntary agreement of joint custody is entered into, it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the children” (Matter of Gaudette v Gaudette, 262 AD2d 804, 805 [1999], lv denied 94 NY2d 790 [1999] [citation omitted]; accord Matter of Rosi v Moon, 84 AD3d 1445, 1445- *1462 1446 [2011]). Here, there is evidence that there has been a breakdown in the relationship between the parties and they are unable to effectively communicate or cooperate with parenting decisions. The father testified that he has problems communicating with the mother as her phone is either disconnected or she fails to answer his calls. The father further testified that when he did speak with the mother, she would not provide him with any details regarding the children while in her custody, including who was watching the children while the mother was working.* Further, the father provided unrebutted testimony that the weekly change of custody caused anxiety for the children. According great deference to Family Court’s credibility determinations (see Matter of Lewis v Tomeo, 81 AD3d 1193, 1195 [2011]), we find that the impact of weekly custody transitions on the children and the failure of the mother to effectively communicate with the father about the children’s welfare “constituted a change in circumstances regarding their joint legal custody” (Matter of Spiewak v Ackerman, 88 AD3d 1191, 1192 [2011]; see Matter of Williams v Williams, 66 AD3d 1149, 1150-1151 [2009]).
Determining whether a modification of a custody order is in the children’s best interests involves consideration of various factors, including “the quality of each parent’s home environments, their past performance and stability, and each parent’s relative fitness and ability to provide for the child[ren]’s intellectual and emotional development” (Matter of Calandresa v Calandresa, 62 AD3d 1055, 1056 [2009]; accord Matter of Hughes v Hughes, 80 AD3d 1104, 1104 [2011]). Here, the record reflects that the father and his spouse are both employed and provide a stable home for the children and the spouse’s children. The father has undertaken all the medical decisions involving the children, and both he and his spouse are very involved in the children’s education. We note that the mother failed to appear at the fact-finding hearing to support her own petitions for custody of the children and oppose the father’s petitions. While there is no evidence from the mother regarding the stability of her home in the record, the father testified that he found the mother’s four other children, ranging in age from 2 to 16, at her home unsupervised while she was out of town for several days. Based upon the evidence presented, we conclude that Family Court’s determination, that it was in the best interests of the children to grant legal and physical custody of *1463 them to the father, is supported by a sound and substantial basis in the record and it will not be disturbed (see Matter of Spiewak v Ackerman, 88 AD3d at 1192-1193; Matter of Siler v Wright, 64 AD3d 926, 928 [2009]).
Lahtinen, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

 The prior custody order specifically required that, while in the mother’s custody, the children were to be in the care of the mother’s sister after school or attend an after school program.