Spain, J.
Appeal from an order of the Family Court of Sullivan County (McGuire, J.), entered May 11, 2012, which, among other things, granted respondent’s application, in five proceedings pursuant to Family Ct Act article 6, for modification of a prior order of custody.
The parties, who never married or lived together, are the parents of a daughter, born in 2009. A 2010 joint custody order of Family Court, made on consent, provided for, among other things, physical custody with respondent (hereinafter the mother) and final decision making authority to the mother on health and education matters when the parties are unable to agree. Petitioner (hereinafter the father) was provided with weekly overnight parenting time from Thursday morning to Friday evening, certain holiday visits and additional time as the parties could agree. The order also directed the father to follow the reasonable parenting instructions provided to him by the mother.
In September 2011, the father commenced the first of these proceedings, alleging, among other things, that the mother violated the original custody order by misleading a doctor regarding the child’s health, which caused the father to be denied a scheduled period of parenting time. The mother then commenced a proceeding seeking to modify the order to provide her with sole custody, alleging that the child did not receive proper care while with the father. The father commenced a proceeding seeking increased parenting time on certain holidays and special days, an order directing that the parties cease all verbal communication and that the mother and her household refrain from mentioning the father or his family/household in the presence of the child. Thereafter, the mother commenced a proceeding alleging that the father violated the original custody order by, among other things, failing to follow the parenting instructions that she provided to him and by encouraging the child to call the father’s fiancée “mommie.” Finally, the father commenced another violation proceeding seeking increased weekly parenting time and time at Easter 2012.
During the pendency of these proceedings, Family Court issued five temporary orders regarding many issues covering matters on which the parties could not agree, including, among others, parenting time and bedtime and medication schedules for the child. After a full hearing and in a well-reasoned written decision, the court awarded the mother sole custody of the child, *1163 dismissed the parties’ violation petitions and partially granted the father’s modification petition by increasing his parenting time. The father now appeals.
The father’s contentions on appeal are limited to his arguments that Family Court erred in finding that there was a significant change in circumstances so as to warrant a change in the original order, and that Family Court’s decision demonstrates an unfair bias against him.* Initially, “[w]here a voluntary agreement of joint custody is entered into, it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the [child]” (Matter of Gaudette v Gaudette, 262 AD2d 804, 805 [1999], lv denied 94 NY2d 790 [1999] [citation omitted]), and “an order entered on consent, without a plenary hearing, is entitled to less weight” (Matter of Whitcomb v Seward, 86 AD3d 741, 742 [2011]). “[A] sufficient change [in] circumstances can be established where . . . the relationship between joint custodial parents deteriorates ‘to the point where they simply cannot work together in a cooperative fashion for the good of their children’ ” (Ulmer v Ulmer, 254 AD2d 541, 542 [1998], quoting Matter of Jemmott v Jemmott, 249 AD2d 838, 839 [1998], lv denied 92 NY2d 809 [1998]; accord Matter of Harper v Jones, 292 AD2d 649, 650 [2002]). Notably, this Court accords great deference to Family Court’s opportunity to assess the credibility of witnesses, and we will not disturb its determination unless it lacks a sound and substantial basis in the record (see Matter of Coley v Sylva, 95 AD3d 1461, 1462 [2012]; Matter of Backus v Clupper, 79 AD3d 1179, 1181 [2010], lv denied 16 NY3d 704 [2011]).
Upon a thorough review of the record before us and deferring to Family Court’s credibility determinations, there is a sound and substantial basis in the record to support the conclusion that the continued deterioration of the parties’ relationship, the failure of the parties to agree on nearly every aspect of the child’s life and the parties’ practice of disregarding the child’s best interests in order to further their personal antagonism constitute a sufficient change in circumstances so as to warrant the modification (see Matter of Carella v Ferrara, 9 AD3d 605, 606 [2004]; Matter of Smith v Miller, 4 AD3d 697, 698 [2004]; Matter of Rosario WW. v Ellen WW., 309 AD2d 984, 985-986 [2003]; Matter of Harper v Jones, 292 AD2d at 650; Matter of Gaudette v Gaudette, 262 AD2d at 805).
*1164 Finally, the record fails, in any respect, to support the father’s contention that Family Court was in some way biased against him.
Peters, EJ., Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

 The father does not challenge Family Court’s conclusion that it is in the best interests of the child for the mother to have sole custody.