McCarthy, J.
Appeal from an order of the Family Court of Fulton County (Skoda, J.), entered January 11, 2012, which, among other things, partially granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2001 and 2003). In 2004, upon the agreement of the parties, Family Court awarded sole custody of the children to the mother, with visitation to the father. In a 2005 order, upon the parties’ consent, Family Court suspended the father’s visitation and the father left Fulton County for several years. In 2011, Family Court entered a temporary order, upon consent, granting the father, who had returned to Fulton County and established a residence there, supervised visitation every Saturday and Sunday from 4:30 p.m. to 7:30 p.m., with such visitation to take place in Fulton County. The father commenced a proceeding seeking to modify the 2005 order, requesting that he share joint legal custody of the children and have increased and unsupervised parenting time, including overnight visitation. He also commenced three proceedings alleging that the mother had violated the 2011 temporary order. Subsequently, the mother commenced a proceeding alleging that the father had violated the 2011 order. Following a fact-finding hearing, Family Court dismissed the parties’ violation petitions, but partially granted the father’s modification petition. Family Court ordered that sole legal and physical custody of the children shall remain with the mother, but that the father shall have access to all their medical and educational records, and his parenting time was increased to 10:00 a.m. to 7:00 p.m. on both the Saturday and Sunday of every other weekend, and alternating Wednesdays from 3:30 p.m. until 7:30 p.m., during the weeks when he does not have weekend visitation.* The father appeals.
We affirm. The father’s sole contention on appeal is that the visitation awarded to him was inadequate. “As with custody, an existing visitation order will be modified only if the applicant demonstrates a change in circumstances that reflects a genuine need for the modification so as to ensure the best interests of the child[ren]” (.Matter of Taylor v Fry, 63 AD3d 1217, 1218 [2009] [citations omitted]; accord Matter of Burrell v Burrell, *1053 101 AD3d 1193, 1194 [2012]). Here, Family Court correctly determined that the father’s relocation back to Fulton County constituted a change in circumstances since the 2005 custody order, and the court thereafter conducted the requisite best interests analysis. Although the father requested overnight visitation, the record reflects that the father’s current housing situation, where he lives in a three-bedroom house with his girlfriend, along with her father and adult brother, would not provide adequate sleeping arrangements for the children. In light of this situation, and the fact that the father has been absent for such a significant amount of the children’s lives, Family Court’s determination that it is in the children’s best interests to grant the father unsupervised visitation on alternate weekend days and Wednesdays, but not overnight visitation, is supported by a sound and substantial basis in the record and will not be disturbed (see Matter of Burrell v Burrell, 101 AD3d at 1195; Matter of Susan LL. v Victor LL., 88 AD3d 1116, 1119 [2011]).
Lahtinen, J.E, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

 Family Court also found, as alleged in another proceeding commenced by the father, that the mother’s paramour had committed a family offense against one of the children.