■ In the Matter of REBECCA FESTA, Appellant, v MATTHEW DEMPSEY, Respondent. (And Another Related Proceeding.) [973 NYS2d 399]—

Rose, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered April 26, 2012, which, among other things, granted respondent's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties were married in 2004 and are the parents of a son (born in 2004). In 2008, petitioner (hereinafter the mother), the child and two of her sons from prior relationships moved out of the marital residence to a location approximately an hour away. She and the children moved again in 2009 to Tompkins County, an additional hour away from the marital residence, to reside with a paramour and his three children. In 2010, a judgment of divorce was entered granting the parties joint legal custody of the child, with the mother having primary physical placement and respondent (hereinafter the father) having visitation. When the mother commenced the first of these proceedings seeking to modify visitation by requiring the father to be responsible for transportation, the father filed a cross petition seeking sole custody based, in part, on the mother's efforts to curtail his relationship with the child. After a full hearing, Family Court determined that joint custody was no longer feasible and awarded the father sole custody of the child. The mother appeals, and we affirm.

The record supports Family Court's findings that the mother's current boyfriend admitted to using corporal punishment on the child, and there was also evidence that he had a violent temper and a history of having been convicted of harassment in the first degree with an order of protection issued against him.

In addition, Family Court credited the father's testimony that he was extensively involved in the child's life until he remarried in 2010, when the mother began to limit his visits and phone calls for no apparent reason. She was also found to have initiated heated arguments with him in the child's presence and she apparently agrees that they are unable to communicate except through the exchange of a notebook. According great deference to Family Court's ability to view the witnesses and assess their credibility, we find a sound and substantial basis in the record to support the court's determination that there has been a change in circumstances making joint custody no longer feasible because the parties are unable to "work together in a cooperative fashion for the good of their child[ ]" (*Matter of Youngs v Olsen*, 106 AD3d 1161, 1163 [2013] [internal quotation marks and citations omitted]; *see Matter of Greene v Robarge*, 104 AD3d 1073, 1075 [2013]; *Matter of Coley v Sylva*, 95 AD3d 1461, 1462 [2012]).

The record also amply supports Family Court's findings that the mother had become unwilling to foster the child's relationship with the father, the father's home environment was more stable and he was more likely to foster the child's relationship with the mother (*see Nolan v Nolan*, 104 AD3d 1102, 1105-1106 [2013]; *Matter of Arieda v Arieda-Walek*, 74 AD3d 1432, 1433 [2010]). Under all of the circumstances here, we are persuaded that Family Court's determination that an award of sole legal custody and primary physical placement to the father is in the child's best interests (*see Matter of Dobies v Brefka*, 83 AD3d 1148, 1151 [2011]; *Matter of Murray v McLean*, 304 AD2d 899, 901 [2003]; *Matter of Youngok Lim v Sangbom Lyi*, 299 AD2d 763, 764 [2002]).

We have considered the mother's remaining contentions, including her claim that the factors for relocation should have been applied, and find them to be unavailing.

Peters, P.J., Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.