*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 29, 2015                    517265
_____

In the Matter of GARRETT J.
    WAGNER,
                        Appellant,

        v                                   MEMORANDUM AND ORDER

LISA M. WAGNER,
                        Respondent.
_____

Calendar Date:  December 16, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

                        _____

        Carman M. Garufi, Binghamton, for appellant.

        Samuel D. Castellino, Big Flats, for respondent.

        Sharon L. Dyer, Binghamton, attorney for the child.

                        _____

Rose, J.

        Appeal from an order of the Family Court of Broome County
(Connerton, J.), entered June 18, 2013, which, among other
things, partially granted petitioner's application, in a
proceeding pursuant to Family Ct Act article 6, to modify a prior
order of visitation.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of a son (born in 2007).
In 2009, Family Court awarded the mother full custody with the
father having supervised visitation two hours a week.  As is
relevant herein, the father commenced this proceeding in 2012
seeking to modify the visitation order, initially requesting at
least five hours of visitation every other weekend, but, during

the course of the proceedings, he increased that request to include overnight visitation from Friday until Sunday. While the proceeding was pending, the father was granted temporary visitation for five hours a week. Following a hearing, Family Court partially granted the father's modification petition by, among other things, awarding four hours of unsupervised visitation every other Saturday and alternating holidays. This appeal by the father ensued.

As a preliminary matter, we are unpersuaded by the contention of the mother and the attorney for the child that a subsequent order issued during the pendency of this appeal that granted the mother's request for supervised visitation renders this matter moot. The father was not present at the hearing on that matter and the subsequent order does not appear to otherwise alter the duration of the visitation that was directed in the order that is the subject of this appeal (see e.g. Matter of Virginia C. v Donald C., 114 AD3d 1032, 1032-1033 [2014]).

Turning to the merits, the father contends that Family Court erred in failing to grant him more extensive visitation. It is well settled that "Family Court has broad discretion in determining an appropriate visitation schedule, and its findings in that regard are entitled to great deference unless they lack a sound and substantial basis in the record" (Matter of Daniel v Pylinski, 61 AD3d 1291, 1292 [2009]). Here, the record reflects that the father did not have contact with the child since May 2010, due in part to drug use and confinement in jail in connection with a drug offense. Furthermore, although the court recognized the father's effort and progress in addressing his drug addiction and mental health issues, he had not fully completed the program at the time of this proceeding and he was living in a supportive living facility for adults in recovery for substance abuse. Significantly, while exercising visitation rights pursuant to the temporary visitation order issued during the proceeding, the father was not forthright about his current living situation or that the visitations were spent with his girlfriend who is also a participant in a substance abuse recovery program. Given the foregoing, as well as the young age of the child, we find that a sound and substantial basis exists to support the court's determination that it is in the child's

best interest to grant four hours of visitation every other Saturday, and not overnight visitation, and that decision will not be disturbed (see Matter of Rohan AA. v Lonna CC., 109 AD3d 1051, 1053 [2013]; Matter of Daniel Pylinski, 61 AD3d at 1292).

Lahtinen, J.P., McCarthy, Lynch and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court