## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  July 9, 2015                    517718
_____

In the Matter of DAVID M.
    CORNICK,
                    Respondent,

            v                              MEMORANDUM AND ORDER

SHELLEY FLORENO,
                    Appellant.
_____

Calendar Date:  May 29, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Lisa A. Burgess, Indian Lake, for appellant.

        Flink Smith Law, Albany (Jennifer L. Dominelli of counsel), for respondent.

        Omshanti Parnes, Plattsburgh, attorney for the child.

_____

McCarthy, J.P.

        Appeal from an order of the Family Court of Essex County (Meyer, J.), entered August 26, 2013, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

        Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a son (born in 2010). Pursuant to a consent order entered in August 2011 in Clinton County, the parents shared joint legal custody of the child, with primary physical custody with the mother and parenting time with the father.  In May 2013, the father commenced this proceeding, seeking a modification of the August 2011 custody order so as to

award him sole legal and primary physical custody, based on, among other things, allegations that the mother intended to take the child to live in Pennsylvania. As a result, Family Court temporarily awarded primary physical custody to the father, pursuant to an order to show cause, and awarded reasonable parenting time to the mother, not to include overnight visits. Family Court simultaneously issued an ex parte temporary order of protection, prohibiting the mother from, among other things, removing the child from Essex County or Clinton County, absent the court's permission. Thereafter, in early June 2013, Family Court issued a second temporary custody order, setting out a specific schedule of parenting time, generally directing that the child spend weekdays with the mother and weekends with the father. Following a hearing held in August 2013, Family Court awarded sole legal and primary physical custody to the father, with parenting time to the mother. The mother now appeals, and we affirm.

An existing custody order is subject to modification where the petitioning party establishes that there has been a sufficient change in circumstances since the prior order so as to warrant modification to ensure the best interests of the child (see Heather B. v Daniel B., 125 AD3d 1157, 1159 [2015]; Matter of Casarotti v Casarotti, 107 AD3d 1336, 1337 [2013], lv denied 22 NY3d 852 [2013]; Matter of Ruple v Harkenreader, 99 AD3d 1085, 1086 [2012]). As is relevant here, a sufficient change in circumstances has been demonstrated "where the relationship between joint custodial parents has so deteriorated as to make cooperation for the good of the child[] impossible" (Matter of Deyo v Bagnato, 107 AD3d 1317, 1318 [2013] [internal quotation marks and citations omitted], lv denied 22 NY3d 851 [2013]; see Heather B. v Daniel B., 125 AD3d at 1159). Notably, where the order sought to be modified is entered upon the parties' consent, it is accorded less weight than an order following a full hearing (see Heather B. v Daniel B., 125 AD3d at 1159; Matter of Casarotti v Casarotti, 107 AD3d at 1337). Further, "[i]n evaluating the best interests of the child, a court must consider numerous factors, including the quality of each parent's home environments, their past performance and stability, and each parent's relative fitness and ability to provide for the child's intellectual and emotional development" (Matter of Hayward v

Campbell, 104 AD3d 1000, 1001 [2013] [internal quotation marks and citations omitted]).

The parents agreed that the child has significant health care needs, related to his being born premature. Family Court credited the father's testimony that the mother did not consistently tell him about the child's scheduled health care appointments and that further health care coordination problems had resulted in long gaps in the child seeing a particular health care provider. Both parents agreed that their relationship was acrimonious and they each testified to using the child's grandparent and a health care service provider for the purposes of communicating information between them regarding the child's needs.

In addition, the father claimed that the child often returned from the mother's care with physical injuries, including scratches, bruises and a black eye. Outside of the black eye, which she said was the result of the child falling on stairs with a toy in his hand, the mother denied knowledge of all of the other injuries. Further, while the father has lived his entire life in one family home, the mother has lived at four different addresses since the child's birth. The evidence also established that, on various occasions, the mother had dropped the child off with the father to stay with him for periods of time significantly greater than those prescribed in the August 2011 custody order.

Given the foregoing evidence, and deferring to Family Court's credibility determinations, the combination of the deterioration in cooperation between the parents — which had affected the child's health care — the mother's housing instability and the mother's efforts to undermine the father's participation in decision making regarding the child provided ample evidence to establish a sufficient change in circumstances (see Heather B. v Daniel B., 125 AD3d at 1160; Matter of Casarotti v Casarotti, 107 AD3d at 1339; Matter of Hayward v Campbell, 104 AD3d at 1000-1001). Further, given the evidence that the father was better able to provide a stable and safe home environment in which the child would receive appropriate and timely health services, there is a sound and substantial basis

for Family Court's conclusion that the best interests of the child were served by awarding sole legal and primary physical custody to the father (see Matter of Daniel TT. v Diana TT., 127 AD3d 1514, 1515-1516 [2015]; Matter of Bush v Lopez, 125 AD3d 1150, 1151 [2015]).

Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court