*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 29, 2015          519781
_____

In the Matter of ANDREW
    CHARLES SCHLEGEL,
                      Respondent,

         v                                    MEMORANDUM AND ORDER

ASHLEY MARIE KROPF,
                      Appellant.
_____

Calendar Date:   September 15, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.

_____

        Ted Stein, Woodstock, for appellant.

        Catherine Charuk, Kingston, for respondent.

        Ariel Futerfas, Kingston, attorney for the child.

_____

McCarthy, J.

        Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered August 18, 2014, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

        Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a daughter (born in 2008).  Pursuant to a March 2009 order, entered upon consent, the parties shared legal and physical custody of the child and adhered to an alternating, split-week schedule.  In October 2013, the father commenced the instant Family Ct Act article 6 proceeding to modify the existing order of custody.  Following a fact-finding hearing, Family Court modified the prior custody

order by awarding the father sole legal and physical custody of the child and granting the mother parenting time during certain specified times, including alternate weekends and one day during the work week.  The mother appeals.

The mother's sole argument is that the father failed to establish a change in circumstance to warrant consideration of the best interests of the child.  We disagree.  Family Court can modify an existing custody order only where the petitioning party demonstrates a change in circumstances that warrants an inquiry into the best interests of the child (see Matter of Cornick v Floreno, 130 AD3d 1170, 1170 [2015]; Matter of Jones v Moore, 129 AD3d 1400, 1401 [2015]).  A custody order entered upon consent is afforded less weight than an order "resulting from a judicial determination after a hearing" (Matter of Klee v Schill, 95 AD3d 1599, 1600 n 3 [2012]; see Matter of Casarotti v Casarotti, 107 AD3d 1336, 1337 [2013], lv denied 22 NY3d 852 [2013]).

The credited evidence presented demonstrated that, although the parties were initially able to carry out the terms and conditions of the March 2009 custody order, continuation of that custodial arrangement was no longer feasible.  Beginning in approximately December 2010, the parties were unable to amicably communicate regarding the child and, in fact, rarely communicated at all.  Exchanges of the child often entailed the mother accusing the father of mistreating the child and failing to provide her with proper nutrition.  Further, the mother switched the child's pediatrician without consulting the father and thereafter maintained that only she was permitted to take the child to appointments.  In view of this evidence that the parties' relationship had deteriorated to such a degree that cooperation for the good of the child was no longer possible, Family Court properly concluded that a change in circumstance had occurred (see Matter of Paul A. v Shaundell LL., 117 AD3d 1346, 1348 [2014], lv dismissed and denied 24 NY3d 937 [2014]; Matter of Spiewak v Ackerman, 88 AD3d 1191, 1192 [2011]).

Peters, P.J., Lahtinen and Lynch, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court