## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  October 29, 2015                    518487
_____

In the Matter of JOSHUA
    HARTJEN,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

SARAH HARTJEN,
                    Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:  September 9, 2015

Before:  Peters, P.J., Lahtinen, Garry and Rose, JJ.

_____

        Thomas H. Kheel, Ithaca, for appellant.

        Joshua Hartjen, Owego, respondent pro se.

        Michael P. Graven, Owego, attorney for the children.

_____

Rose, J.

        Appeal from an order of the Family Court of Tioga County
(Keene, J.), entered February 13, 2014, which, among other
things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, for modification of a prior
order of custody.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the divorced parents of a son (born
in 2009) and a daughter (born in 2007).  In April 2013, pursuant
to an order entered on stipulation, the parties were awarded
joint custody of the children, with primary residential custody

to the mother and liberal visitation to the father. In September 2013, the father commenced a proceeding seeking a modification of custody. Following a fact-finding hearing, Family Court granted the father's petition, awarding him primary residential custody of the children, and the mother now appeals.

The mother's primary argument is that the father failed to produce sufficient evidence during his direct case to establish a change in circumstances since the April 2013 order, thus precluding Family Court from ordering a modification of custody. We cannot agree, as we have independently reviewed the record and find that the father's proof met his burden (see Matter of Clouse v Clouse, 110 AD3d 1181, 1183 [2013], lv denied 22 NY3d 858 [2014]; Matter of Casarotti v Casarotti, 107 AD3d 1336, 1337 [2013], lv denied 22 NY3d 852 [2013]; Matter of Kashif II. v Lataya KK., 99 AD3d 1075, 1077 [2012]). At the fact-finding hearing, the father testified that, at the time that Family Court issued the prior order, he and the mother both were living in Tioga County, about eight miles apart. However, after a series of domestic disputes between the mother and her live-in boyfriend that prompted neighbors to call the police on multiple occasions, the mother and her boyfriend were evicted from their apartment. Testimony from the maternal grandfather indicated that the mother had been the victim of domestic violence at the hands of the boyfriend. After their eviction, the mother and the boyfriend proceeded to move – with the parties' children – approximately one hour away to Chenango County. Despite the mother's knowledge of the impending move, she provided no advance notice to the father and only disclosed it after the move was complete. Further, when the father drove to the new address that the mother had listed on her modification petition, he discovered an uninhabited trailer with no electrical service. Only later did the father discover that the mother, the boyfriend and the children were actually living at the house of the boyfriend's mother. The father's proof of the mother's eviction, domestic disputes and clandestine relocation were sufficient to meet his initial burden of showing a change in circumstances.

Turning to the best interest analysis, we note that the mother's brief does not specifically challenge Family Court's findings in this regard. In any event, the court fully

considered the appropriate factors relevant to the proposed custody modification and made credibility determinations to which we will defer (see Eschbach v Eschbach, 56 NY2d 167, 172-174 [1982]; Matter of Breitenstein v Stone, 112 AD3d 1157, 1158 [2013]; Matter of Smith v Barney, 101 AD3d 1499, 1500-1501 [2012]).  Further, the additional evidence presented during the mother's direct case regarding the boyfriend's drug-related issues merely confirms our conclusion that Family Court's order granting primary physical custody to the father has a sound and substantial basis in the record and should not be disturbed.

Peters, P.J., Lahtinen and Garry, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court