*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 5, 2016                    520619
_____

In the Matter of TARA AA.,
                    Respondent,

        v
                                        MEMORANDUM AND ORDER

MATTHEW BB.,
                    Appellant.

(And Two Other Related Proceedings.)
_____


Calendar Date:  March 22, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Rose and Mulvey, JJ.

_____


        Ciano J. Lama, Ithaca, for appellant.

        Kelly A. Damm, Ithaca, for respondent.

        Donna C. Chin, Ithaca, attorney for the child.

_____


Rose, J.

        Appeal from an order of the Family Court of Tompkins County
(Cassidy, J.), entered February 10, 2015, which, among other
things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, to modify a prior order of
custody.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the unwed parents of a daughter
(born in 2005).  Pursuant to a February 2011 order made on
consent, the parties shared joint legal and physical custody of
the child.  In March 2014, the child informed the mother that,
while she was visiting the father's home, her older half sisters

who live with the father had caused a painful injury to her vaginal area. Within days, the mother commenced a modification proceeding seeking sole legal and physical custody of the child. Family Court thereafter granted temporary sole custody to the mother, prompting the father to file his own modification petition, in which he also sought sole custody of the child. The father also filed a sworn letter concerning the child's visitation with his other children — the child's half siblings and stepsiblings — which Family Court deemed a petition for visitation and appointed an attorney for these children. After a fact-finding hearing on the underlying petitions, as well a Lincoln hearing for the child, but not for the siblings, Family Court, among other things, awarded sole legal and physical custody of the child to the mother and granted the father three hours of visitation each Wednesday. The father now appeals.

The father's central argument is that the mother failed to establish a change in circumstances since the entry of the 2011 custody order on consent. We disagree. It is axiomatic that an existing custody order may be modified "only where the petitioning party demonstrates a change in circumstances that warrants an inquiry into the best interests of the child" (Matter of Schlegel v Kropf, 132 AD3d 1181, 1182 [2015]; see Matter of Knox v Romano, 137 AD3d 1530, 1531 [2016]). "Notably, where[, as here,] the order sought to be modified is entered upon the parties' consent, it is accorded less weight than an order following a full hearing" (Matter of Cornick v Floreno, 130 AD3d 1170, 1171 [2015]; see Matter of Demers v McLear, 130 AD3d 1259, 1260 [2015]).

At the fact-finding hearing, the mother, the child's school teacher and a Tompkins County Department of Social Services caseworker all testified that, in March 2014, the child told them that, while she was at the father's residence, her older half sisters touched and pinched her vaginal area, causing her significant pain. The child was later diagnosed with a labial adhesion, which the caseworker believed to be the result of the half sisters' actions. The caseworker further testified that, when she first notified the father of the child's complaints and diagnosis, "[h]e denied that his children would ever touch each other's privates in any way whatsoever." And, indeed, when asked

about the incident at the fact-finding hearing, the father remained steadfast in his refusal to acknowledge the alleged touching as a possible cause of the child's injury. The record additionally reveals that, in January 2014, the father was terminated from his job for sexual harassment, and that he currently relies exclusively on public assistance to support the child, as well as his current wife, their six additional children and their 11 pets, all of whom live together in the same single-wide trailer. Based upon the foregoing evidence, we find that the mother established a change in circumstances warranting a best interests analysis (see Matter of Klee v Schill, 95 AD3d 1599, 1600-1601 [2012]; Matter of Starkey v Ferguson, 80 AD3d 799, 801 [2011]). We also find support for Family Court's determination that joint custody is no longer feasible due to the father's frequent inability to communicate effectively and work cooperatively with the mother for the good of the child — especially in regard to her medical care — which, in and of itself, amounts to a change in circumstances (see Matter of Colleen GG. v Richard HH., 135 AD3d 1005, 1007 [2016]; Matter of Schlegel v Kropf, 132 AD3d at 1182).

As to the best interests analysis, the father's brief raises no issue with Family Court's determination that the mother was better equipped to meet the child's needs and, thus, any argument that the father could have made in that regard is deemed abandoned (see Matter of Samuel A. Garrasi and Mary H. Garrasi Family Trust, 104 AD3d 990, 991 n 3 [2013], lv dismissed 21 NY3d 1066 [2013]; Matter of Alexis AA. [John AA.], 91 AD3d 1073, 1073 n 2 [2012], lv denied 18 NY3d 809 [2012]). In any event, if we were to address the merits, we would find that "the court fully considered the appropriate factors relevant to the proposed custody modification[,] made credibility determinations to which we will defer" and reached a conclusion regarding the child's best interests that is soundly and substantially supported by the record (Matter of Hartjen v Hartjen, 132 AD3d 1172, 1173 [2015]; see Matter of Cornick v Floreno, 130 AD3d at 1172; Matter of Festa v Dempsey, 110 AD3d 1162, 1163 [2013]).

The father's remaining argument that Family Court committed reversible error by failing to hold Lincoln hearings for the child's half siblings and stepsiblings is without merit. There

is no legal requirement that the court order in camera hearings for non-subject children whose preferences are merely ancillary to the resolution of a custody dispute, and with whom the subject child has never resided on a full-time basis (see generally Eschbach v Eschbach, 56 NY2d 167, 169-170, 173 [1982]; Matter of Lincoln v Lincoln, 24 NY2d 270, 271-272 [1969]; Matter of Jessica B. v Robert B., 104 AD3d 1077, 1077-1078 [2013]).

Lahtinen, J.P., McCarthy, Garry and Mulvey, JJ., concur.


ORDERED that the order is affirmed, without costs.


ENTER:


Robert D. Mayberger
Clerk of the Court