*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 7, 2016                    521350
                                                       521296
_____

In the Matter of JACOB R.,
                    Respondent,
        v

NADINE Q.,
                    Appellant.

(Proceeding No. 1.)
_____        MEMORANDUM AND ORDER

In the Matter of NADINE Q.,
                    Appellant,
        v

JACOB R.,
                    Respondent.

(Proceeding No. 2.)

(And Other Related Proceedings.)
_____


Calendar Date:  May 25, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

                    _____

        Lisa A. Natoli, Norwich, for appellant.

        Carol Malz, Oneonta, for respondent.

        Jehed Diamond, Delhi, attorney for the child.

                    _____

Lynch, J.

Appeals (1) from an order of the Family Court of Broome County (Connerton, J.), entered June 23, 2015, which, among other things, granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior order of custody, and (2) from an order of said court, entered May 15, 2015, which, among other things, dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to find respondent in willful violation of a prior order of visitation.

Jacob R. (hereinafter the father) and Nadine Q. (hereinafter the mother) are the parents of a daughter (born in 2006).  By order dated June 5, 2013, Family Court continued an award of joint legal custody, with primary physical custody granted to the father.  The mother was accorded parenting time from noon on Sunday until 8:00 a.m on Wednesday.  Each parent maintained a separate household.  The father resided with the child, his longtime girlfriend and a younger child that the father and girlfriend had together.  The mother resided with her longtime boyfriend and a younger child from their relationship.

The proceedings at issue herein were prompted by the events of November 8, 2014, a Saturday.  After the child had been sent to her room for acting out, she apologized and presented a sexually explicit "stick-figure" drawing of a tall and a small person to the father's girlfriend.  When the father returned home, he contacted the police, who came to the home that evening.  On Monday morning November 10, 2014, the father commenced a proceeding seeking to modify custody due to the arrest of the mother's boyfriend on felony sex abuse charges.  Family Court issued a temporary order awarding exclusive custody to the father, with supervised visitation as the parents could agree, ordered a child protective investigation pursuant to Family Ct Act § 1034, and issued an order of protection for the child against the mother's boyfriend.  Later that month, the mother moved in with the boyfriend's parents, who indicated that the child would not be allowed in their home.

In December 2014, the mother filed a petition for "temporary sole custody." After a series of violation petitions were filed by both parties, Family Court issued a further temporary order in March 2015, providing for specific visitation supervised by the father's parents. By order entered May 15, 2015, Family Court dismissed the various violation petitions, but specified that proof as to compliance would be allowed at the fact-finding hearing. After a three-day hearing, Family Court issued an order entered on June 23, 2015, which, among other things, granted the father's modification petition. The mother's visitation was reduced to alternate weekends from Friday at 5:30 p.m. to Sunday at 5:00 p.m., with the overnight portion at the home of the paternal grandparents. The mother appeals from both the May and June 2015 orders.

We affirm. A parent seeking to modify an existing custody order must "demonstrate[] a change in circumstances that warrants an inquiry into the best interests of the child" (Matter of Schlegel v Kropf, 132 AD3d 1181, 1182 [2015]). Although Family Court did not expressly find a change in circumstances, the court did find that the father established that the boyfriend had been "indicated" for sexual abuse by the Broome County Department of Social Services and further noted that the mother was financially unable to secure her own residence. Given our independent authority to review the record (see Matter of Rohde v Rohde, 135 AD3d 1011, 1012-1013 [2016]), we conclude that the indicated report concerning sexual abuse of the child in the mother's household and the arrest of the mother's boyfriend constituted a change in circumstances compelling an inquiry into the best interests of the child (see Matter of Christopher B. v Patricia B., 75 AD3d 871, 872 [2010]; Matter of Laurie II. v Raymond JJ., 68 AD3d 1170, 1171 [2009]). This is all the more so given the testimony of the father, his girlfriend and another family friend who described negative changes in the child's behavior, including physical manifestations of anxiety, on Sunday mornings during 2014, just prior to starting visitation with the mother (see Matter of Terry I. v Barbara H., 69 AD3d 1146, 1147-1148 [2010]; Matter of Kowatch v Johnson, 68 AD3d 1493, 1494 [2009], lv denied 14 NY3d 704 [2010]). Moreover, Family Court duly accounted for the abrupt change in the mother's living arrangements (see Matter

of Christopher T. v Jessica U., 90 AD3d 1092, 1093-1094 [2011]). Under the circumstances presented, and the court having conducted a Lincoln hearing, we further find that the court's determination limiting visitation was in the child's best interests.

Finally, Family Court has "broad discretion in establishing the parameters of the proof at trial" (Matter of Gardner v Gardner, 69 AD3d 1243, 1244 [2010]), and we perceive no error in Family Court's dismissal of the interim violation petitions or in limiting the proof relative to the mother's modification petition which, by its terms, pertained to temporary custody (see Matter of Wilson v Hendrickson, 88 AD3d 1092, 1093 [2011]).

Peters, P.J., McCarthy, Egan Jr. and Devine, JJ., concur.

ORDERED that the orders are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court