State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  October 27, 2016                    521476
_____

In the Matter of JOHN
    HOLLERAN,
                        Respondent,

        v                                MEMORANDUM AND ORDER

JENNIFER FAUCETT,
                        Appellant.
_____

Calendar Date:   September 7, 2016

Before:  Peters, P.J., Garry, Rose and Mulvey, JJ.

                        _____

        Diane V. Bruns, Ithaca, for appellant.

        Christopher Pogson, Binghamton, for respondent.

        Donna C. Chin, Ithaca, attorney for the child.

                        _____

Rose, J.

        Appeals from two orders of the Family Court of Chemung County (Rich Jr., J.), entered June 19, 2015 and June 23, 2015, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

        Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of a son (born in 2001).  Pursuant to a 2012 custody and visitation order entered on consent, the parties shared joint legal custody of the child and the mother had sole physical custody.  In August 2014, another consent order was entered that specified that the father was to have visitation with the child every other weekend.  Thereafter, in March 2015, the father commenced this modification

proceeding seeking sole custody of the child. After fact-finding and Lincoln hearings were held, Family Court awarded the parties joint legal custody, with primary physical custody to the father. A second order entered shortly thereafter granted the mother visitation with the child. The mother appeals from both orders.

The mother's sole argument is that Family Court erred in finding that a change in circumstances had occurred since the entry of the August 2014 consent order (see generally Matter of Miller v Bush, 141 AD3d 776, 776-777 [2016]; Matter of Jacob R. v Nadine Q., 141 AD3d 772, 773 [2016]; Matter of Tara AA. v Matthew BB., 139 AD3d 1136, 1137 [2016]). We cannot agree, as it is undisputed that, subsequent to the entry of the August 2014 order, the child was absent from school on 45 occasions, only 11 of which were excused, and late for school on another seven occasions. Further, the child had a failing grade in at least two core subjects, and the evidence also established that the mother had withheld the child from visitations with the father. In addition, although the father has a serious medical condition that had previously rendered him unable to be the child's primary care provider, his condition has since become stabilized and controlled to the point that it no longer affects his ability to provide primary care to the child. Moreover, Family Court credited the testimony indicating that the child was subjected to violence, yelling and chaotic conditions in the mother's home.

Contrary to the mother's contention, Family Court adequately set forth its factual findings on the record (see CPLR 4213 [b]; Family Ct Act § 165 [a]; Matter of Molina v Lester, 84 AD3d 1462, 1463 [2011]). Also, although not dispositive, the attorney for the child expressed at the hearing that the child — who was 13 years old at the time — preferred to live with the father (see Matter of Coleman v Millington, 140 AD3d 1245, 1246-1247 [2016]; Matter of Parchinsky v Parchinsky, 114 AD3d 1040, 1041 [2014]). Thus, according due deference to Family Court's credibility determinations and factual findings (see Matter of Andrew L. v Michelle M., 140 AD3d 1240, 1241 [2016]), our review

of the record, including the <u>Lincoln</u> hearing transcript,[1] reveals that the father established a change in circumstances so as to warrant a review of the existing custody order (see <u>Matter of Gasparro v Edwards</u>, 85 AD3d 1222, 1223 [2011]; <u>Matter of Paul T. v Ann-Marie T.</u>, 75 AD3d 788, 790 [2010], <u>lv denied</u> 15 NY3d 713 [2010]).

Finally, the mother raises no issue with Family Court's best interests determination and, in any event, it is supported by a sound and substantial basis in the record (see <u>Matter of Tara AA. v Matthew BB.</u>, 139 AD3d at 1137-1138).

Peters, P.J., Garry and Mulvey, JJ., concur.

ORDERED that the orders are affirmed, without costs.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court

---

[1]  Although we must agree with the mother's argument that Family Court erred in revealing the substance of the child's statements made during the <u>Lincoln</u> hearing, reversal is not justified here (see <u>Matter of Rohde v Rohde</u>, 135 AD3d 1011, 1013 n [2016]; <u>Matter of Lawrence v Kowatch</u>, 119 AD3d 1004, 1006 n 1 [2014]; <u>Matter of Rivera v LaSalle</u>, 84 AD3d 1436, 1437 [2011]).