■ In the Matter of RENEE M. WILLIAMS, Appellant, v JEFF J. PATINKA JR., Respondent. [42 NYS3d 404]—

Mulvey, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered September 3, 2015, which partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two daughters (born in 2008 and 2011). On October 27, 2014, the mother filed a petition alleging that the father had violated a February 13, 2013 Family Court order by not allowing visitation with the children. On December 15, 2014, the mother filed a second petition—this time for modification of the February 2013 order—requesting unsupervised visitation with the children. During the hearing, the mother withdrew the violation petition and the hearing proceeded on the modification petition. Following fact-finding and *Lincoln* hearings, Family Court modified the prior order by allowing an unsupervised dinner visit one night per week and increasing the duration of the supervised visits to include one weekend per month, provided a supervisor is present, as well as four-hour visits on major holidays. The mother now appeals.

A parent seeking to modify an existing custody order is "obliged to demonstrate a change in circumstances that, once shown, would then warrant an inquiry into the best interests of the child" (*Matter of Leighann W. v Thomas X.*, 141 AD3d 876, 877 [2016]; *see Matter of Schlegel v Kropf*, 132 AD3d 1181, 1182 [2015]). While Family Court made no explicit findings as to whether the mother demonstrated a change in circumstances, the record supports such a determination based on the mother's evidence of her participation in substance abuse

---

counseling, improved mental health and her success at attaining both employment and her own apartment. Therefore, the only issue before this Court is whether Family Court properly determined that it would not be in the best interests of the children to grant the mother's request that all of her visitation with the children be unsupervised (*see Matter of Sparbanie v Redder*, 130 AD3d 1172, 1173 [2015]; *Matter of Chris X. v Jeanette Y.*, 124 AD3d 1013, 1014 [2015]).

"[T]he guiding principle in fixing a visitation schedule is the best interests of the child[ren]" (*Matter of Maziejka v Fennelly*, 3 AD3d 748, 749 [2004]; *see Matter of La Scola v Litz*, 258 AD2d 792, 792 [1999], *lv denied* 93 NY2d 809 [1999]). The best interests of the children generally lie with a healthy, meaningful relationship with both parents (*see Matter of Swett v Balcom*, 64 AD3d 934, 935-936 [2009], *lv denied* 13 NY3d 710 [2009]; *Tait v Tait*, 44 AD3d 1142, 1143 [2007]). Family Court may properly order supervised visitation if it finds that unsupervised visitation would be "detrimental to the children's safety because the parent is either unable or unwilling to discharge his or her parental responsibility properly" (*Matter of Raychelle J. v Kendell K.*, 121 AD3d 1206, 1207-1208 [2014] [internal quotation marks, brackets and citations omitted]; *see Matter of Vanita UU. v Mahender VV.*, 130 AD3d 1161, 1165 [2015], *lv dismissed and denied* 26 NY3d 998 [2015]).

The evidence adduced at the hearing demonstrate that, while the mother has made strides in overcoming her substance abuse and anger management problem, as Family Court concluded, her record of relapse warrants a "flexible order [that] continues to serve the children's best interests" (*see Matter of Maziejka v Fennelly*, 3 AD3d at 749; *Matter of La Scola v Litz*, 258 AD2d at 792). Despite the mother's contention that all evidence points to her sobriety for a year prior to the trial, the father and his mother both provided testimony that, at various points, they observed behavior by the mother tending to show continued substance abuse. It was within Family Court's discretion to credit this testimony (*see Matter of Youngs v Olsen*, 106 AD3d 1161, 1163 [2013]; *Matter of Coley v Sylva*, 95 AD3d 1461, 1462 [2012]). Family Court also concluded that the mother "has a long standing issue with substance abuse, has treated and relapsed several times and is relatively new to her current claim of sobriety," and the court further found that the mother's "track record warrants going slowly before unsupervised time with [the] children should be ordered."

We "accord[ ] great deference to Family Court's opportunity to assess the credibility of witnesses, and we will not disturb

its determination unless it lacks a sound and substantial basis in the record" (*Matter of Youngs v Olsen*, 106 AD3d at 1163; *see Matter of Coley v Sylva*, 95 AD3d at 1462). "Moreover, Family Court has broad discretion in determining an appropriate visitation schedule, and its findings in that regard are entitled to great deference unless they lack a sound and substantial basis in the record" (*Matter of Daniel v Pylinski*, 61 AD3d 1291, 1292 [2009] [citations omitted]; *accord Matter of Wagner v Wagner*, 124 AD3d 1154, 1154 [2015]). Based on the record before us, there is a sound and substantial basis in the record to support Family Court's decision denying the mother's request that all visitation with the children be unsupervised (*see Matter of Wagner v Wagner*, 124 AD3d at 1154; *Matter of Daniel v Pylinski*, 61 AD3d at 1292). We have examined the mother's remaining contentions and find them to be without merit.

McCarthy, J.P., Lynch, Devine and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.