Matter of Lynn X. v Donald X. (2018 NY Slip Op 04409)





Matter of Lynn X. v Donald X.


2018 NY Slip Op 04409


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

524964

[*1]In the Matter of LYNN X., Respondent,
v
DONALD X. et al., Respondents, and TIMOTHY Z., Appellant. (Proceeding No. 1.)
In the Matter of TIMOTHY Z., Appellant,
v
LYNN X. et al., Respondents. (Proceeding No. 2.)

Calendar Date: April 24, 2018

Before: Lynch, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


Michelle I. Rosien, Philmont, for appellant.
Adam H. Van Buskirk, Chateaugay, for Lynn X., respondent.
Rebecca L. Fox, Plattsburgh, for Donald X. and another, respondents.
Omshanti Parnes, Plattsburgh, attorney for the child.


Lynch, J.P.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Clinton County (Bruno, J.), entered May 1, 2017, which, among other things, partially dismissed petitioner's application, in proceeding No. 2 [*2]pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Lynn X. (hereinafter the mother) and Timothy Z. (hereinafter the father) are the parents of a child born in 2010. In March 2016, the parents consented to an order that, among other things, awarded respondents Donald X. and Nancy X. (hereinafter collectively referred to as the maternal grandparents) custody of the child, the mother parenting time on Saturdays and Sundays from 8:00 a.m. to 3:00 p.m., and the father parenting time — to be supervised by the maternal grandparents — for at least 1½ hours every other week. In June 2016, the mother filed a petition to obtain custody (proceeding No. 1). The father filed a cross petition seeking additional unsupervised visitation (proceeding No. 2). In December 2016, Family Court issued a temporary order granting the mother primary physical custody of the child. In January 2017, the court returned physical custody of the child to the maternal grandparents and granted reasonable supervised parenting time to the mother as could be agreed. The father's supervised parenting time was expanded to five hours every Sunday.
A hearing on the petitions was held over four days in February and March 2017, after which Family Court dismissed the mother's petition for custody, but awarded each parent four hours of unsupervised parenting time to occur in a public place, with supervised visitation as could be arranged with the maternal grandparents. Relevant here, Family Court also issued an order of protection directing the father to ensure that his girlfriend not come within 1,000 feet of the child. The father now appeals.
The father argues that Family Court's determination to direct that any additional parenting time had to be supervised by the maternal grandparents was not supported by a sound and substantial basis in the record. "The primary concern in . . . a dispositional hearing is the best interests of the child, an inquiry that involves consideration of the parent's ability to supervise the child and any potential threat of future abuse or neglect" (Matter of Jamel HH. [Linda HH.], 155 AD3d 1379, 1380 [2017] [citation omitted]; see Matter of Williams v Patinka, 144 AD3d 1432, 1433 [2016]). An order of supervised parenting time will be warranted where the court "finds that unsupervised [parenting time] would be detrimental to the children's safety because the parent is either unable or unwilling to discharge his or her parental responsibility properly" (Matter of Williams v Patinka, 144 AD3d at 1433 [internal quotation marks and citation omitted]; see Matter of Kevin F. v Betty E., 154 AD3d 1118, 1121 [2017]). Whether parenting time should be supervised or unsupervised is a discretionary determination for Family Court that we will not disturb if supported by a sound and substantial basis in the record (see Matter of Adam E. v Heather F., 151 AD3d 1212, 1215 [2017]).
The evidence at the hearing showed that the father's supervised parenting time, which began in 2013, was suspended in February 2014 when he was arrested for making a terroristic threat against a judge. As a consequence, the father was incarcerated for nearly a year until his release in January 2015. The father's testimony evinced little insight or remorse with regard to the seriousness of that incident. We recognize that the father's limited supervised parenting time was going fairly well. The maternal grandparents each recalled that they observed the father lose patience with the child and raise his voice just once while he was trying to teach him to tie his shoes. The father acknowledged this event but otherwise testified that, generally, he did not believe that it was his responsibility to discipline the child while he was in the maternal grandparents' home. Given the father's relatively minimal history and experience with the child and according deference to Family Court's superior ability to assess each witness's credibility and demeanor, we find that Family Court's determination to limit the father's unsupervised parenting time was supported by a sound and
substantial basis in the record (see Matter of Vincente X. v Tiana Y., 154 AD3d 1113, 1115 [2017]; Matter of Wagner v Wagner, 124 AD3d 1154, 1155 [2015]).
The father also challenges Family Court's restriction concerning his girlfriend. Family Court's wide discretion to devise a parenting schedule includes the "power to impose restrictions [*3]on a child's interactions with third parties during visitation if it is in the child's best interests to do so" (Matter of David J. v Leeann K., 140 AD3d 1209, 1212 [2016] [internal quotation marks, brackets and citation omitted]). Here, it was not disputed that the girlfriend had a history of neglecting her own children and had surrendered her parental rights. During his testimony, the father was evasive and defensive with regard to this history and remarkably claimed to have limited knowledge of what behavior led to the surrender. In our view, Family Court's determination that it was in the child's best interests to have no contact with the girlfriend had a sound and substantial basis in the record (Matter of Daniel v Pylinski, 61 AD3d 1291, 1292 [2009]; Matter of King v King, 23 AD3d 938, 938 [2005]).
Finally, we find that Family Court's determination that the mother was entitled to limited unsupervised parenting time in a public place was supported by a sound and substantial basis in the record (see Matter of Williams v Patinka, 144 AD3d at 1434).
Devine, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.