Matter of Naquan V. v Tia W. (2019 NY Slip Op 03410)





Matter of Naquan V. v Tia W.


2019 NY Slip Op 03410


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

525688

[*1]In the Matter of NAQUAN., Appellant, v
v
TIA W., Respondent. (And Two Other Related Proceedings.)

Calendar Date: March 27, 2019

Before: Egan Jr., J.P., Devine, Aarons and Rumsey, JJ.


Keith F. Schockmel, Albany, for appellant.
Alena E. Van Tull, Binghamton, attorney for the child.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from an order of the Family Court of Broome County (Pines, J.), entered September 27, 2017, which, among other things, partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with the parties' children.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of four children (born in 2001, 2014, 2015 and 2016). In 2005, an order of custody was issued granting the mother sole legal and physical custody of the parties' then only child, with biweekly overnight visitation to the father. In 2006, the father was convicted of the attempted rape of a 12-year-old victim and was sentenced to a prison term of 42 months and required to register as a risk level one sex offender. Following his release from prison, the father violated the terms of his parole in 2011, was reincarcerated for an additional 18 months and, upon his release, was later reincarcerated for an additional three months after violating his parole a second time in 2014. At some point within these intervals, the mother and the father renewed cohabiting, during which time the three younger children were born. In January 2017, the mother and the father separated, and the father moved out of the parties' shared residence.
In March 2017, the father commenced this proceeding seeking joint legal custody of the children and biweekly overnight visitation. The mother thereafter filed two petitions seeking (1) an initial custody determination granting her sole custody of the three younger children, with supervised visitation to the father, and (2) modification of the prior order of custody with regard to the oldest child to impose supervised visitation with the father. Following a hearing on all three petitions, Family Court awarded the father and the mother joint legal custody of the children, with primary physical custody to the mother and supervised visitation to the father as the parties could agree. The father now appeals, arguing that Family Court's denial of his request for overnight [*2]visitation and imposition of supervised visitation is not supported by a sound and substantial basis in the record.[FN1]
We affirm. A parent seeking to modify a prior order of custody and visitation is required to demonstrate that a change in circumstances has occurred since entry thereof that then warrants the court engaging in an analysis as to the best interests of the child (see Matter of Richard GG. v M. Carolyn GG., 169 AD3d 1169, 1170 [2019]; Matter of Rohan AA. v Lonna CC., 109 AD3d 1051, 1052 [2013]). Here, the father's 2006 conviction for a serious sex offense against a 12-year-old victim, his subsequent violations of parole, his lengthy incarceration and the subsequent birth of three additional children into the household — all since entry of the prior order that related to the oldest child — provided the requisite change in circumstances (see Matter of Damiano v Guzzi, 157 AD3d 1013, 1014 [2018]; Matter of Menhennett v Bixby, 132 AD3d 1177, 1179 [2015]).
Turning to the best interests analysis, we note that "[t]he propriety of visitation is a matter committed to the sound discretion of Family Court, guided by the best interests of the children, and we will not disturb its determination so long as it is supported by a sound and substantial basis in the record" (Matter of Dibble v Valachovic, 141 AD3d 774, 775 [2016]; Matter of Wagner v Wagner, 124 AD3d 1154, 1155 [2015]). Here, given the nature of the father's conviction, his subsequent parole violations, the representations made by the attorney for the children on behalf of the children and the fact that the father acknowledged that he has not exercised sole overnight visitation with the oldest child for over 11 years despite a custody and visitation order permitting him to do so, we find no error in Family Court's determination modifying the prior order and denying him overnight visitation with the oldest child (see Matter of Nolan v Nolan, 104 AD3d 1102, 1105 [2014]; see also Matter of Guerra v Oakes, 160 AD3d 855, 856-857 [2018]).[FN2]
Additionally, the evidence at the hearing established that the father's current housing arrangement is not suitable to accommodate overnight visitation with the children. The mother is presently living in a three-bedroom apartment with all four children [FN3]. The oldest child has her own bedroom, and the three younger children — who all require cribs — share a bedroom. The three younger children are all nonverbal, with one child being diagnosed as autistic and the other two having certain developmental delays. The mother testified that the autistic child has exhibited self-destructive behavior in the past and that even slight changes in her daily routine can cause her to have breakdowns or tantrums. Notwithstanding the younger children's need for stability and support, the father failed to articulate any reasonable plan for how he intends to accommodate all four children for overnight biweekly visitation. The father testified that he recently moved into a one-bedroom apartment;[FN4] however, other than purportedly obtaining a crib, he has not otherwise taken the steps necessary to provide a safe and stable home environment with adequate sleeping arrangements for the children, particularly given the younger children's special needs (see Matter of Rohan AA. v Lonna CC., 109 AD3d at 1053; Matter of Horike v Freedman, 37 AD3d 978, 979 [2007]). Accordingly, we find that Family Court's denial of the father's request for overnight visitation is supported by a sound and substantial basis in the record.
Finally, we reject the father's contention that Family Court erred by imposing supervised visitation. Although visitation with the noncustodial parent is presumed to be in the best interests of the children, "the determination of whether visitation should be supervised is a matter left to Family Court's sound discretion" (Matter of Walter TT. v Chemung County Dept. of Social Servs., 132 AD3d 1170, 1171 [2015]; see Matter of Adam E. v Heather F., 151 AD3d 1212, 1215 [2017]). Here, the father is a risk level one sex offender, convicted of attempted rape of a 12-year-old victim. Since his conviction, the father has not exercised any unsupervised overnight visitation with his oldest child daughter — who was 15 at the time of the hearing — since she was approximately four years old. Moreover, he acknowledged that, since leaving the parties' shared residence in January 2017, he has only taken all four children on an outing outside of the mother's apartment on one occasion, for two hours to a local park. Further, when questioned about the younger children's developmental delays and diagnoses, he downplayed any concerns or the fact that it would pose any difficulty for him to handle the three younger children at the same time, indicating that, when he visits them at the mother's house, "they're just children, you just play, laugh, eat." In our view, the father's glib testimony, coupled with his request for regular biweekly visitation without having made any reasonable plans or preparations for how he intended to accommodate his teenage daughter and the three younger children, exhibited a clear lack of insight into the children's needs and his ability to provide therefor [FN5]. Accordingly, based on the foregoing, we find that there is a sound and substantial basis in the record supporting Family Court's determination and that it is in the best interests of the children for the father's visitation to be supervised (see Matter of Lynn X. v Donald X., 162 AD3d 1276, 1277-1278 [2018]; Matter of Taylor v Fry, 47 AD3d 1130, 1131 [2008]).
Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The mother did not file a brief on appeal.

Footnote 2: Although the father shared the same residence with the mother and the children for a period between 2014 and 2017, the record does not reflect that the children were ever left solely in his care overnight, and the mother credibly testified that he was otherwise rarely left alone with the children — and only during those short periods of time that she could not afford to pay for an alternate caretaker — as she had continuing concerns about his ability to properly care for the children.

Footnote 3: The maternal grandmother also lives in an apartment in the same building as the mother.

Footnote 4: The father testified that, following his separation with the mother, he was homeless for approximately 30 days and thereafter moved in with his brother. He ultimately moved into his own apartment as of June 1, 2017; however, despite only living in this apartment for three months, he indicated that, as of September 1, 2017, he would be moving into a different one-bedroom apartment.

Footnote 5: In addition, the testimony at the hearing demonstrated that the father suffers from sleep apnea. Both the mother and the maternal grandmother credibly testified regarding their concern with leaving the children in the father's care, as they have both observed that the father has difficulty staying awake when looking after the children.